THE STATE v. R. H. SMITH.

1. JURY SCRIP.—The statute (Paschal's Dig., art. 1983) prohibiting district clerks and other officers from dealing in jury scrip is repealed by the act of 30 March, 1874, (Gen. Laws, 14th Leg., p. 47,) entitled "An act to prevent speculations by officers and ex-officers and agents in county, city, and town contracts and liabilities."

2. CONSTRUCTIVE REPEAL.—An act providing for, or defining substantially, an offense made by a previous law, and providing a different punishment, will be held to repeal the former act, and not as cumulative.

3. SAME.—Such construction is evidently required by the Penal Code, which proposes "to define in plain language every offense against the laws of the State, and affix to each offense its appropriate punishment."

4. INDICTMENT.—An indictment charging that the accused "unlawfully acquired jury scrip," is not a sufficient charge that he contracted for or was interested in a contract for jury scrip, and under the act of 1874 the indictment would be defective.

APPEAL from Orange.    Tried below before the Hon. Wm. Chambers.

*George Clark, Attorney General,* for the State.

*Tom. J. Russell,* for appellee.

GOULD, ASSOCIATE JUSTICE.—The indictment charges that the defendant, whilst he was the duly qualified and acting clerk of the District Court for Orange county, did "unlawfully acquire" from one Nebb, "the party interested," certain jury scrip.    It is evidently framed under article 1983, Paschal's Digest, which makes it an offense for the "clerk or deputy clerk of any District or County Court, sheriff or his deputy, constable or coroner, or justice of the peace," "to purchase or otherwise acquire from the party interested any jury scrip or the fees coming to any witness," the punishment being a fine not to exceed one hundred dollars.

So far as it relates to the offense of purchasing or acquiring jury scrip by the officers named therein, we think that this article of the Penal Code was repealed by an act, approved March 30, 1874, entitled " An act to prevent speculations by officers or ex-officers and agents in county, city, and town contracts and liabilities."    (See Gen. Laws, 14th Leg., p. 47.)

By this act it is made a misdemeanor for any officer of

"any county of this State, or any city or town therein," to "contract, directly or indirectly, or in any way to become interested in any contract for any draft or order on the treasurer of said county, city, or town, jury certificate, or any other kind of debt, claim, or liability for which said county, city, or town may or can in any event be made liable." The punishment is a fine not less than ten nor more than twenty times the order or jury certificate contracted for, to which is added removal from office.

The purchase of jury scrip by a district clerk is certainly a misdemeanor under either act. Under the provisions of the Penal Code, the new penalty affixed to this misdemeanor cannot be considered as cumulative, and the penalty prescribed by the former act must be considered as repealed. (Paschal's Dig., art. 1621.) The offense of unlawfully dealing in jury scrip by county officers is so fully provided for in the act of 1874, as to supersede the former statute on that subject, although the offense is defined in terms somewhat less comprehensive. To hold otherwise would be to violate the design of the code, which is declared in its outset to be, "to define in plain language every offense against the laws of the State, and affix to each offense its proper punishment." (Paschal's Dig., art. 1603.)

The indictment should have been framed under the act of 1874. The averment that the defendant unlawfully acquired jury scrip, is not a sufficient charge that he contracted or was interested in a contract for jury scrip. Certainly a party may acquire such scrip otherwise than by contract.

As we think that the indictment was defective and was correctly set aside, it is not necessary to consider any other point raised.

The judgment is affirmed.

AFFIRMED.