## J. Robinson v. The State.

1. Jury Scrip, etc.—The act of March 30, 1874, "to prevent speculations by officers," etc., repealed and superseded Article 354 *b* of the Penal Code (Pasc. Dig., Art. 1983), which prohibited the purchase of jury scrip or witness-fees by certain civil officers.
2. Penalty.—If, in charging the jury, the court below erroneously stated the penalty prescribed for the offense charged, the error necessitates a reversal.

Appeal from the District Court of Freestone. Tried below before the Hon. J. B. Rector.

The case came to trial in April, 1876. The judge gave in charge to the jury the penalty prescribed in the Penal Code, to wit, a fine not exceeding $100. The penalty provided for in the act of 1873 is "not less than ten nor more than twenty times" the claim speculated in.

*Walton, Green & Hill*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

White, J. The indictment in this case charges the defendant with unlawfully purchasing jury scrip whilst he was the sheriff of Freestone county, and was brought under the provisions of Article 354 *b* of the Penal Code (Pasc. Dig., Art. 1983), which defines and fixes the punishment for unlawfully dealing in jury scrip and witness fees.

It seems, however, that this Article of the Penal Code was repealed by the 1st section of an act approved March 30,. 1874, entitled "An act to prevent speculations by officers,. or tax-officers, or agents, in county, city, and town contracts. and liabilities." Acts Fourteenth Legislature, 47. In the case of *The State* v. *Smith*, 44 Texas, 443, which is a case directly in point, our supreme court say: "The offense of unlawfully dealing in jury scrip by county

officers is so fully provided for in the act of 1874 as to supersede the former statute on that subject, although the offense is defined in terms somewhat comprehensive.  To hold otherwise would be to violate the design of the Code, which is declared in its outset to be 'to define in plain language every offense against the laws of this state, and affix to each its proper punishment.'   Pasc. Dig., Art. 1603.   The indictment should have been framed under the act of 1874.   The averment that defendant unlawfully acquired jury scrip is not a sufficient charge that he contracted, or was interested in a contract, for jury scrip.   Certainly a party may acquire such scrip otherwise than by contract.''

If, as we think, the indictment in this case is good under the provisions of the act of 1874, the cause would still have to be reversed because the charge of the court, in declaring the penalty, did not present the law applicable to the case under this latter act, but was based entirely upon the provisions of the repealed Article 1983.   The judgment is reversed and the cause remanded.

*Reversed and remanded.*