## JOHN W. HEWITT v. THE STATE.

The legislature cannot by law authorize the courts to dispense with the allegation in indictments for penal offences of a material fact, which, under the law alleged to have been violated, forms the main ingredient, or is the gist of the offence.

Thus in articles 1757 and 1759, O. & W. Dig., the provision of the latter, warranting the conviction of a person indicted for a violation of the former, (against selling spirituous liquors, &c., " *without first having obtained a license therefor,*) is unconstitutional in so far as it dispenses with the allegation that the selling complained of was without license.

The legislature cannot condemn a particular act as an indictable offence, and then empower the courts in the prosecution of a party for the commission of that act thus condemned, to substitute in the indictment and proof of it a different act, which is not the same, and is not itself prohibited by law.

The spirit of the Bill of Rights, which provides that " no citizen of this State shall be deprived of life, liberty, property, or privileges, outlawed, exiled, or in any manner disfranchised, except by due course of the law of the land," seems to require the foregoing principles of construction to be applied in establishing a correct rule as to what ought to be alleged and proven in penal causes.

APPEAL from Shelby. Tried below before the Hon. A. W. O. Hicks.

This case is sufficiently stated in the opinion.

*Moore and Walker*, for the appellant.—Tested by the common law rules, the indictment is insufficient. (See State v. Stuckey, 2 Blackf., 289; State v. Webster, 5 Halst., 293; Blasdell v. Hewitt, 3 Caines, 137; U. S. Dig., 2 vol., Tit. Indictment, secs. 109, 110, 112.) The Penal Code and the rule of common law require such certainty as to show not only an offence, but with sufficient precision to enable the defendant to know of what he is accused, and that he may be able to plead a conviction in bar of a subsequent prosecution. (Code Proc., Art. 399, 394.)

This indictment charges an act in itself perfectly innocent, or which may be so. Section 7, of the act of 1856, p. 68, attempts to dispense with allegations and proof of many things therein specified, as to kind of liquor, to whom sold, and fact of license or not.

But this section, in aid of the prosecution, intends that the defendant shall be charged in the language of that section, "with a violation of the provisions of the act."

The indictment charges only a sale and nothing inconsistent with a lawful one, and not a violation of any section of the act referred to.

But if the proper construction of the act be, that it means to dispense with the charge in the indictment, or proof on the trial, that the liquor was sold without license, such a principle would nullify the constitutional provision, "that no person shall be holden to answer for any criminal charge but on indictment or information." An indictment as defined by the common law and code, is a written accusation of some act or omission declared to be an offence. (Cod. Proc., 394.) The principle asserted by this law carries also the right to substitute a fiction for substance, and thus under any proposed form of proceeding, to require the accused to defend against that of which he had never had notice by indictment, and to be convicted without a syllable of proof. (People v. Toynbee; People v. Berberich, 2 Parker Crim. Reports, 329.)

On the subject of the repeal of the act in question by the code, we submit the question without comment, being fully aware that the question has been decided by the court. We respectfully refer to the very able opinion delivered by Mr. Justice Roberts dissenting in a case involving the question.

*Attorney-General*, for the State.—By the 7th section of the act of 7th February, 1856, "to authorize the county courts of this State to grant a license for the retail of spirituous liquors," &c., it is made unnecessary to allege in the indictment that the selling "was without license."

The act to be found in the amendments to the code, approved 12th February, 1858, in no way interferes with nor repeals said section. The act of 1858 is merely additional to the act of 1856. The one was not designed to repeal the other, excepting the sections indicated by the repealing clause of the latter act. The same section of the act of 1858 which dispenses with the necessity of

averring that the selling was "without license," dispenses with the necessity of proving it.

There is no written charge in the case, and it is deemed unnecessary therefore to discuss the questions which have been raised upon it. It is not perceived, that there is any force in the objection which has been urged to the constitutionality of the law of 1856. There is no effort made in this case to require the accused "to answer for any criminal charge but on indictment." The legislature has by the act of 1858, simply in effect declared that when a person is charged in an indictment with retailing spirituous liquors in less quantities than one quart, that the charge means also that it was done " without license." The accused understands this meaning and is fully apprised of what he is called upon to answer. This is the test of the sufficiency of the certainty in charging the offence. But the indictment charges that the selling was done contrary to the form of the statute in such case made and provided. This is equivalent in effect to a charge that the selling was done " without license." Attaching the meaning designed by the legislature to the language used in the indictment, and it would be sufficient even under the common law. But I am very far from believing that all the efforts made by the legislature to relax the technical rules of criminal pleadings at the common law, are unconstitutional, or that they are in conflict with the 16th section of the Bill of Rights. The effect of the argument for the appellee, is, that nothing can be an indictment within the meaning of the 16th section of the Bill of Rights, excepting such as would stand the common law test.

ROBERTS, J.—The indictment charges that the defendant, "on the first day of January, A. D. 1858, in the county aforesaid, did retail intoxicating liquors in quantities less than one quart, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State." All the proof was that " the defendant did retail spirituous liquors in quantities less than a quart in the county of Shelby, State of Texas, within twelve months preceding the finding of the bill of indictment in

this case." Defendant was convicted. Motions for new trial and in arrest of judgment were filed by the defendant upon the ground that it was not alleged or proved that the defendant had no license at the time of the said selling, which were overruled.

The statute under which this prosecution was instituted provides that " if any person or firm shall sell or be in any wise concerned in selling spirituous, vinous, or other intoxicating liquors in quantities less than one quart, without first having obtained a license therefor in the manner prescribed by this act, he, she, or they shall be deemed guilty of a misdemeanor," &c.

" That in all prosecutions for any violations of any of the provisions of this act, it shall be sufficient to allege and prove that the person charged with any such violation, did sell, or was concerned in selling spirituous, vinous, or intoxicating liquors; and it shall not be necessary to allege or prove the kind of liquor sold, the name of the persons to whom the same was sold, or that the same was sold without license. This act shall, in all cases, be liberally and remedially construed." (O. & W. Dig, 387, Arts. 1757 and 1759.)

The question is whether or not the legislature can authorize the courts to dispense with the allegation in the indictment, that the liquor was sold " without having obtained a license therefor."

The constitution provides that " no person shall be holden to answer for any criminal charge but on indictment or information, except in cases arising in the land or naval forces, or offences against the laws regulating the militia."

The definition contained in our Code of Criminal Procedure is that " the indictment is the written statement of a grand jury accusing some person therein named of some act or omission, which by law is declared to be an offence." (O. & W. Dig., 614, Art. 394.)

At the adoption of our constitution, and for a century previously both in England and America, this is what was understood as constituting an indictment.

Is a person accused of an offence when he is charged simply and only with having retailed spirituous liquors in quantities less than a quart?

If there were a general prohibition against selling liquors in quantities less than a quart, or if the legislature have the power to withdraw the protection from liquor as property, and prohibit its sale entirely and in any quantity, and had clearly done so by direct enactment, then these words would charge an act to have been done which, by law, is declared to be an offence.

But it is obvious that the legislature have not attempted to abolish all right of property in liquors, or the right to sell it, either in large or small quantities. They have only sought to regulate its sale by imposing a tax upon those who engage in its sale, partly as a regulation of revenue, and partly perhaps as an incidental consideration to discourage its use, and by protecting the community to a certain extent from the evil consequences of its extravagant abuse. In pursuance of this policy, those who engage in the business of retailing liquors in quantities less than a quart, are required first to obtain a license to retail in the manner prescribed. (O. & W. Dig., 386–7.)

All sales of such liquors in quantities less than a quart, are therefore not prohibited, but only such as are made " without first having obtained a license therefor." (Art. 1757.) Those only are guilty of a misdemeanor upon whom can be charged the " omission " of duty in obtaining the license as required by the law regulating the sale of liquors. The act of sale coupled with the omission, and not the act of sale by itself, constitute that which, by law, is declared to be an offence. (Art. 1757.) The gist of the offence is the omission of this party. We do not think that the legislature can condemn a particular act as an indictable offence, and then empower the courts in the prosecution of a party for the commission of that act thus condemned, to substitute in the indictment and proof of it a different act, which is not the same, and is not itself prohibited by law. " No citizen of this State shall be deprived of life, liberty, property, or privileges, outlawed, exiled, or, in any manner, disfranchised, except by due course of the law of the land." (Bill of Rights, O. & W. Dig., 14.)

The spirit of this provision in our Bill of Rights would seem to apply to this case with great force. It is addressed to and con-

Hewitt v. The State.

trols the judiciary as well the legislature. A citizen is deprived of his property by fine, or of his liberty by imprisonment in default of being unable to pay the fine, upon a criminal prosecution, in which he is charged with a particular act, which is itself not prohibited as penal, and he is found guilty for an omission of duty in reference to that act, which is not alleged or proved against him. His conviction can hardly be said to have been by due course of law. (The People v. Toynbee, 2 Parker's Cr. R., N. Y., 329; Wynehamer v. The People, Id., 421; The People v. Toynbee, Id., 491.)

For when an act is made the subject of a criminal charge, the constitutional provision requiring an indictment or information is at once brought into active force in favor of those who are accused of and prosecuted for said act; and if an indictment be preferred, it must be such an one as the framers of the constitution contemplated. Such an indictment then becomes one of the steps in the prosecution "in the due course of the law of the land."

The judgment below should have been arrested upon the motion of the defendant.

Judgment is reversed, and, as the offence is now barred by the statute of limitations, the cause will be dismissed.

Reversed and dismissed.