No. 5381.

J. C. Colchell v. The State.

Gaming—Indictment.—It is a rule of criminal pleading that "if there be exceptions contained in the same clause of an act which creates the offense, the indictment must show negatively that the defendant, or the subject of the indictment, does not come within the exception." The statute under which this prosecution was had denounces the playing of certain games with dice or dominoes, but excepts such games when played at a private residence. Failing to negative the exception, the indictment in this case is bad.

Appeal from the County Court of Bosque. Tried below before the Hon. R. G. Childress, County Judge.

The opinion discloses the case. The penalty awarded was a fine of ten dollars.

No brief for the appellant.

W. L. Davidson, Assistant Attorney General, for the State.

White, Presiding Judge. The charge against appellant, as set out in the indictment, is that he "bet intoxicating liquors at a game played with dice; against the peace and dignity of the State." This indictment was evidently brought under Article 364, Penal Code, as amended by Act approved March 5, 1881. (Gen. Laws, Reg. Sess., 17th Leg., p. 17.)

In the enacting clause of the amendment, and as part of the same, it is expressly "provided" that "no person shall be indicted under this section for playing any of said games with dice or dominoes at a private residence." (Long v. The State, 22 Texas Ct. App., 194; Rosales v. The State, Id., 673.)

It is a rule of criminal pleading thoroughly established that, "if there be exceptions contained in the same clause of an Act which creates the offense, the indictment must show negatively that the defendant, or the subject of the indictment, does not come within the exception." (5 Texas Ct. App., 263.) As announced in The State v. Clayton, 43 Texas, 410, the rule is that

"an indictment charging an offense created by a statute which, in its enacting clause, excepts from its operation those who under circumstances specified do the act which would otherwise be penal, must show by negative averments that the defendant is not within any of the exceptions mentioned in the statute." (See also McFain v. The State, 41 Texas, 385; Moseley v. The State, 18 Texas Ct. App., 311.)

Because the indictment does not negative the exception contained in the enacting clause of the statute creating the offense, it is fatally defective, and the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*