## FAYETTE WILLIAMSON v. THE STATE.

### No. 1868.  Decided February 14, 1900.

**1.  Local Option—Sale of Liquor Without License—Information.**

Under provision of article 5060a, Revised Statutes, as amended by the fourth section of the occupation license act, Twenty-fifth Legislature, pages 223, 224, an information for engaging in the sale of spirituous liquors in a local option territory must aver the particular offense and that defendant was engaged in said business in a local option precinct without obtaining a license for the purpose of selling in said territory on a physician's prescription.

**2.  Same—Occupation License in Local Option Territory.**

The only occupation license that can be obtained (under the amendatory act, Twenty-fifth Legislature, pages 223, 224) in a local option territory is one authorizing a, sale of liquor on the prescription of a regular practicing physician, and as the law requires such a license, the essential elements of such offense must be alleged in the information.

**3.  Same—Negativing Exceptions.**

An information for selling intoxicating liquors in a local option territory without a license to sell on prescription of a physician, to be sufficient, must expressly negative the exceptions contained in the enacting clause defining the offense, and also such as are contained in the body of the statute creating the offense.

**4.  Same.**

A party can not legally sell intoxicating liquors in a local option territory without first obtaining a license to sell on prescription of a regular practicing physician. HENDERSON, Judge, concurs; BROOKS, Judge, dissents.

**5.  Same—Evidence—United States Revenue License.**

Upon a prosecution for selling intoxicating liquor upon a physician's prescription in a local option territory, while the United States internal revenue license is admissible as evidence to show that defendant was engaged in the sale of the liquor, it is not sufficient under the statute to establish a prima facie case because it does not establish per se a violation of the law in its most essential particulars, viz., the selling of the liquor on prescription in a local option district.

APPEAL from the County Court of Hunt. Tried below before Hon. R. D. THOMPSON, County Judge.

Appeal from a conviction of engaging in the sale of intoxicating liquors in a local option precinct without first obtaining a license; penalty, a fine of $300.

The charging part of the information is as follows, to wit: "That Fayette Williamson, on or about the 24th day of November, A. D. one thousand eight hundred and ninety-eight, and before the filing of this complaint, in the county of Hunt and State of Texas, did then and there in justice precinct number two of said county unlawfully engage in and pursue and follow the occupation of selling spirituous, vinous, malt, and intoxicating liquors, which occupation was then and there taxable by law, without having first paid the taxes due said State and county and obtained a license therefor; and the amount of the taxes then and there due by him, the said Fayette Williamson, to the said State upon said occupation was two hundred dollars, and the amount of the taxes then and there due the said county by the said Fayette Williamson upon said occupation was one hundred dollars, which occupation taxes then and there due said county had been theretofore duly

levied by the Commissioners Court of said county, and at said time the sale of intoxicating liquor had been previously prohibited under the laws of the said State in said justice precinct, which laws were at said time in full force and effect, and said occupation was so pursued, engaged in, and followed by the said Fayette Williamson after the qualified voters of said justice precinct had, at a legal election held for that purpose in accordance with law, determined that the sale of intoxicating liquor should be prohibited in said justice precinct, and the Commissioners Court of said county and State had declared the result and legally passed an order to that effect, which order has been published as required by law. Against the peace and dignity of the State."

No statement necessary.

*W. J. Hogue,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for engaging in the sale of intoxicating liquors in justice precinct No. 2 of Hunt County, without first having obtained a license for that purpose, under Acts Twenty-fifth Legislature, pages 223, 224. This information is substantially the same as that in the Snearly Case, 40 Texas Criminal Reports, 507. The indictment in the above case was held sufficient by a majority of the court. My views were expressed in the dissenting opinion. I am still of the opinion that the indictment does not charge an offense under the language employed by the act of the Legislature. The section under which this information was drawn reads as follows: "And there shall be collected from every person, firm, corporation, or association of persons, for every separate establishment selling such liquors and medicated bitters within this State, within a county, subdivision of a county, justice precinct, town or city in which local option is in force under the laws, the sum of $200; provided same shall not be sold in such localities except on prescription and in compliance with the laws governing the sales in such localities; provided further, that nothing in this article shall be so construed as to exempt druggists who sell spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication, on the prescription of a physician, or otherwise, in either locality as above set forth, from the payment of the tax herein imposed; provided further, that this article shall not apply to the sale by druggists of tinctures and drug compounds, in the preparation of which such liquors or medicated bitters are used and sold on the prescription of a physician or otherwise; and which tinctures and compounds are not intoxicating beverages prepared in the evasion of the provisions of this chapter, nor the local option law." This is an excerpt from article 5060a, Revised Statutes, as amended by the act of the Twenty-fifth Legislature. The previous portion of this article levies a tax upon

parties selling spirituous or vinous liquors in quantities of one gallon or less, or one gallon or more, and for malt liquors exclusively. Each one of these occupations is distinct and separate from the others, and requires a license to pursue or engage in the particular business of selling in quantities from one gallon or under one gallon in local option precinct, as the case may be. This being the case, the pleader must draw the information or indictment, in order to charge the particular offense for which the conviction was sought. The information should have averred that appellant was engaged in that business in the local option precinct, without obtaining a license for the purpose of selling on prescription. An inspection of this information clearly shows that this offense is not set out, nor attempted to be set out. In order to charge a violation of this portion of the article, it is necessary, after setting out the local option territory, to charge appellant with engaging in the business of selling intoxicants in the local option territory, without first having obtained a license for the purpose of selling in said territory on prescription. In setting out this particular portion of the offense, the writer suggests, the following would be sufficient (after setting out the fact that local option was in existence) : That the party did unlawfully engage in the sale of intoxicating, vinous, and malt liquors and medicated bitters without first having obtained a license for the purpose of selling same on prescription of a regular, practicing physician; said occupation being then and there taxable by law; the said party not then and there being a druggist selling tinctures and drug compounds in the preparation of which such liquors or medicated bitters are used, and sold on the prescription of a physician, or otherwise.

If this law is valid, which the writer does not concede, then it is necessary to charge a violation of the particular character of license required in that particular territory as a prerequisite to engaging in the sale of such intoxicants. As the law requires a license to sell on prescription before the party can engage in the business, in order to secure a conviction for a violation thereof the essential elements of that offense must be distinctly averred. An indictment general in its terms will not do. The only license that can be obtained in local option territory, under this act, is one authorizing the sale of intoxicating liquors on the prescription of a regular, practicing physician. It has also been held, as understood by the writer, that, where the party desires to engage in the sale of intoxicants in quantities of a gallon or less, the license must specify not only the amount desired to be sold, but it must specify even the very place in which it is to be sold. And, where the information charges a violation of this occupation law, it will not sustain a conviction where the party was engaged in selling in quantities of over a gallon. Nor will evidence that a party was engaged in selling in quantities in excess of a gallon support an allegation that he was engaged in selling quantities less than one gallon. So, where a party has a license to sell malt liquors only, it will not author-

ize him to sell spirituous or vinous intoxicants; and it has been even held that the license to sell malt liquors can not be introduced in evidence where the party was charged with selling spirituous or vinous intoxicants. Gersteman v. State, 35 Texas Crim. Rep., 318; Lucio v. State, 35 Texas Crim. Rep., 320. See also White's Ann. Penal Code, sec. 737.

It is also well settled that where the definition of the offense contains an exception which would not bring a party within the inhibitions of the law, that exception must be negatived in the indictment, for the simple reason that he is not amenable to the law. In Rice v. State, 37 Texas Criminal Reports, 36, Judge Henderson, speaking for the court, said: "With regard to setting out a criminal offense, it is a familiar rule, and without exception, that, where an offense is defined by our statute (and there are none other in this State), all of the essential elements of the offense must be alleged in the indictment. And it has been held that it is incompetent for even the Legislature to create an exception to this rule. See Hewitt v. State, 25 Texas, 722. It has also further been held that where a statute creating an offense, in the body thereof, or as a part of the enacting clause, contains an exception so that the one can not be read without the other, then the exception must be negatived. It is different where the exception is not contained in the enacting clause, but in a different, substantive clause, subsequent to the enacting clause. In such case, though it be in the same section, it is a matter of defense, to be shown by the defendant. Lord Tenterden thus states the rule: 'If an act of Parliament or a private instrument contain in it first a general clause, and afterwards a separate and distinct clause, which has the effect of taking out of the general clause something which would otherwise be included in it, a party relying upon the general clause, in pleading, may set out that clause only, without noticing the separate and distinct clause which operates as an exception; but, if the exception itself be incorporated in the general clause, then the party relying on it must, in pleading, state it, together with the exception.' 6 Barn. & C., 432. On this subject, see Commonwealth v. Hart, 11 Cush., 130, reported in 2 Benn. & Heard, Crim. Cas., 1, and the extended and exhaustive note thereto. This same question has also been before this court a number of times, and the same doctrine has been repeatedly enunciated as the rule. See Colchell v. State, 23 Texas Crim. App., 584; Leatherwood v. State, 6 Texas Crim. App., 244; Huntsman v. State, 12 Texas Crim. App., 619; Hewitt v. State, 25 Texas, 722; State v. Duke, 42 Texas, 455; State v. Clayton, 43 Texas, 410." Rice's case, quoted from, was construing the late act of our Legislature upon carnal knowledge of a girl under 15 years of age, other than the wife of defendant, and the question was whether or not the fact that she was not the wife of the accused should be negatived in the indictment. In this opinion Judge Henderson further said: "Applying this rule to the construction of this statute, it will

be seen that the words 'other than the wife of the person' occurred in the body of .the enacting clause. The offense can not be read without reading this. It does not occur in any proviso, or distinct, substantive clause, but is a part of the act itself; and under the rule heretofore laid down, the indictment should negative the . fact that the alleged injured female was the wife of the defendant." If there is an exception to this rule in this State, it has escaped the attention of the writer. In support of this proposition, see also . State v. Smith, 24 Texas, 285; Lewis v. State, 2 Texas Crim. App., 26; Owens v. State, 3 Texas Crim. App., 404; Summerlin v. State, 3 Texas Crim. App., 444; Blasdell v. State, 5 Texas Crim. App., 263; Lewis v. State, 7 Texas Crim. App., 567; Brown v. State, 9 Texas Crim. App., 171; Zallner v. State, 15 Texas Crim. App., 23; Mosely v. State, 18 Texas, 311; Bice v. State, 37 Texas Crim. Rep., 38. It is unnecessary to cite further authorities, .for, if a rule can be settled at all, this is settled by the authorities cited. In this connection it will be noted that it is only necessary to negative the exceptions contained in the body of the act when those exceptions or provisos, as the case may be, eliminate the offending party from the operation of the offense denounced in the statute. If there are provisions or exceptions in the body of the act which include the offending party in the operation of the definition of the offense, it is not necessary to negative those, because it would not release from the operation of the statute. So it is only necessary to negative exceptions when they do operate to pull him outside the statute, and not include him within it. Tested by these rules, this indictment is clearly insufficient, and does not charge the offense sought to be averred.

The writer does not believe this portion of the act of the Legislature is valid, and my reasons have been stated in the dissenting opinion in the Snearly case, supra. The majority of the court, however, believe both the local option and the occupation tax laws are in force in the same territory. They have the authority vested in them by the law, as a majority, to so hold; and, under their view, both the local option and the license law are operative at one and the same time. If their view is correct, then a party can not sell intoxicants in a local option territory without first obtaining a license to sell on prescription. But, if he does sell otherwise than under the license, he would be amenable then to the local option law. The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

BROOKS, JUDGE.—I dissent. My views are expressed in Snearly's case, 40 Texas Criminal Reports, 507.

HENDERSON, JUDGE (Concurring.)—Appellant was convicted of the unlawful selling of intoxicating liquor without a license in a .local

option district. Appellant assigns as error the action of the court instructing the jury, in effect, that they could regard the special revenue license shown to have been in possession of appellant as prima facie proof of the sale of the liquor in question. He contends that the law with reference to selling liquors in local option districts was passed since the law making the United States internal revenue license prima facie evidence, and that therefore it does not apply. While we believe the internal revenue license was admissible in evidence as tending to prove that appellant was engaged in the sale of intoxicating liquors, yet we do not believe it established a prima facie case under this statute. The State must not only show a sale of liquor, but it must show that the party was engaged in the business of selling liquor in local option territory under prescriptions. A person might sell intoxicating liquor in local option territory, not under prescriptions, and not be amenable to the tax; and, in our opinion, the court should not have given the charge complained of. If we recur to the statement of facts in this case, the State absolutely failed to show that appellant was engaged in the business of selling intoxicating liquor in local option territory under prescriptions, and, without this proof of sale under prescriptions, the State could not claim a conviction of appellant. It is true, defendant admitted that he was preparing to engage in such occupation, and had the liquor on hand for that purpose, yet, in the absence of proof that he had actually engaged in the occupation on which the tax was levied, the State could not sustain a conviction. Appellant admits that he had sold a quantity of what he claimed to be hop ale, and which a State's witness testified was beer, and intoxicating, yet there is no pretense that the sale of this beer was under prescriptions. In this regard, he may have violated the local option law for selling said beer without a prescription, but this was not the pursuing of an occupation authorized by law, and on which a tax was levied.

As to the indictment, I expressed my views in Snearly v. State, 40 Texas Criminal Reports, 507. However, since that opinion was written I have had occasion to review the question. I believe the better practice would be not only to set forth that defendant pursued the occupation of selling intoxicating liquor or medicated bitters, as the case may be, in the local option territory (describing the same), without paying the tax required (stating the amount of the State and county tax levied), and without having procured a license therefor, and should, in addition, allege that he was engaged in the sale of such liquors on prescription, and, further, that such liquors were not tinctures and drug compounds sold by druggists, and which are used and sold on the prescription of a physician or otherwise, and which were not intoxicating beverages prepared in the evasion of the occupation tax act and the local option law; in other words that the indictment or information should contain the negative averments embraced in the enacting

clause, being article 5060a, Acts Twenty-fifth Legislature. This is in accord with the principles of pleading, and with the trend of decisions on this subject. For the reasons stated, I concur in the disposition of the case.