HIRAM FLEEKS v. THE STATE.

No. 3050. Decided November 23, 1904.

1.—Sale of Liquor on Election—Repeal of Law by Implication—Old and New Law.

Where a new law covers the whole subject matter of an old one, and prescribes a different penalty than that provided in the old law, it is held that the former is repealed by implication.

2.—Same—Old Law Repealed by Latter on Same Subject.

Where a prosecution was under the old law, article 185, Penal Code, defining the offense and providing for the punishment of selling liquor on election day, by a fine of not less than $100, nor more than $500, whereas a later law (Acts 28th Leg. p. 133), section 120, is similar in terms and covers the same subject matter and provides for a fine of not less than $200, nor more than $500, or for hard labor on the public roads, or for both such punishments; although the latter act makes such offenses cumulative as therein defined, the two laws cannot stand together and the latter must be held to repeal the former and the prosecution thereunder is dismissed. Brooks, Judge, dissents.

3.—Information—Proviso Must be Negatived.

Under the act of the 28th Legislature, section 120, the information should have alleged that the offense was committed in voting precinct, village, city or town, where such election was held, and the allegation that it was within three miles of any such voting precinct, etc., was not required. But it is necessary under the new law to negative the proviso therein, as the same is contained in the enacting clause. Brooks, Judge, dissents.

Appeal from the County Court of Lamar. Tried below before Hon. John W. Love.

Appeal from a conviction of selling liquor on election day; penalty, a fine of $100.

The testimony for the State showed conclusively that defendant had sold whisky on election day, during an election for alderman in the City of Paris, Texas; while the defense controverted this testimony about a sale of whisky or intoxicating liquor. Defendant testified that he never saw the State's witness who claimed to have got the liquor from him; that he had cleaned up Sam Smith's saloon for about three years; had no key to the saloon, Smith letting him in in the morning to clean up. That he had no whisky in his place of business on that day, except one bottle, which he got that morning and put it in the ice box for his own use.

. *Dudley & Dudley,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of a sale of liquor on election day, and his punishment assessed at a fine of $100; hence this appeal.

Motion was made to quash the information on various grounds. Exception was taken to the charge of the court, involving in some respects the same grounds complained of in the motion to quash, and on the refusal of the court to give certain requested instructions on the same subject. In the view we take of the case, the information should have been quashed, because it fails to state any offense against the laws of this State. The charging part of the information is as follows: * * * "On or about the 22nd day of August, 1904, in the county of Lamar and State of Texas, a public election was held under authority of law in ward No. one in the city of Paris, for the purpose of electing an alderman, and Hiram Fleeks, the agent and employee of Sam Smith, during the day on which the election was held as aforesaid, and within three miles of said voting ward No. one, did then and there unlawfully sell, barter, and give away vinous, malt, spiritous and intoxicating liquors to George Brown," etc.

The information, here set out, appears to have been drawn under art. 185, Penal Code, and not under sec. 120 of the Terrell Election Law, passed by the 28th Legislature. (See Gen. Laws 28 Leg. p. 133.) The first question presented is, does said section 120 of the Terrell Election law repeal article 185, Penal Code. An inspection of said article and section discloses, that both cover the same subject matter, and are similar in terms, with the exception that article 185 contains the expression, "or within three miles of any such voting precinct," and this is entirely omitted from section 120 of the Terrell Election Law. Besides, section 120 of the Terrell Election Law contains a proviso at the end thereof, as follows: "provided that such liquors may be sold on election day by a drugstore to fill a prescription of a physician, who will at the time certify in writing on honor that it is needed by his sick patient, leaving such certificate with the druggist, and provided such sick patient is confined for that day to his bed." The Penal Code contains substantially such provision, except that it is contained in distinct articles of the Code. Furthermore, the penalty provided in article 185, Penal Code, is a fine of not less than $100 nor more than $500, where as the Terrell Election Law denounces the violation of said action as a misdemeanor, and section 108 of said act makes "any person who is found guilty of a misdemeanor under any of the provisions of said act, subject to a fine of not less than $200, nor more than $500, or sentenced to hard labor upon the public roads of the county in which the offense was committed, for not more than one year; or to both such punishments." With the exceptions pointed out, the two acts are similar, and the latter covers the

same territory as the former, and was intended to comprehend and embrace, and make penal the same subject matter, and provides a different and more onerous punishment therefor. Although section 144 of the Terrell Law makes the same cumulative as to the penalties, etc., and as to the mode and manner of any law, except such laws as are inconsistent or in conflict with it, yet, under the authorities the latter act must be held to repeal the former. The two statutes covering the same ground cannot stand together. The same offense is defined and intended to be prohibited in the latter, which was covered by the former; and the latter cannot be held to be merely cumulative of its predecessor. Where a new law covers the whole subject matter of an old one, and prescribes a different penalty than that provided in the old law, it is held that the former law is repealed by implication. On this subject see Harold v. State, 16 Texas Crim. App., 157; State v. Smith, 44 Texas, 443; Robinson v. State, 2 Texas Crim. App., 390. And for a further discussion of the subject, see Sutherland on Stat. Constr. p. 190, secs. 142 and 143. As previously stated, the prosecution was under the old law, article 185 of the Penal Code, and the court instructed the jury, under said article, and gave the punishment prescribed for a violation thereof. Under the new Terrell Law, the information, to have been correct should have alleged that the offense was committed in voting precinct, village, city or town where such election was held, and the allegation that it was within three miles of any such voting precinct, etc., was not required; and such allegation vitiated the information, inasmuch as, under the Terrell Law it is not an offense to sell or give liquor away on election day within three miles of a voting precinct, unless such place of the commission of the offense is within the voting precinct, or within a town or city. It is necessary under the new law to negative the proviso therein contained as it is contained in the enacting clause of the statute. Of course, the punishment as given the jury by the court being under the old law was erroneous. Because the court erred in not quashing the information, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

Brooks, Judge, dissents.