### D. T. THWEATT v. THE STATE.

#### No. 3134. Decided April 25, 1906.

**1.—Giving Away Whisky on Election Day—Information.**

It is necessary under section 120, Act of the Twenty-eighth Legislature, page 154, prohibiting the sale, etc., of liquor, etc., to negative the provisos therein contained.

**2.—Same—Duplicitous Pleading.**

Where the information charged defendant with giving away whisky on election day, and did inform divers persons naming them, of the whereabouts of whisky at and near the poll of the voting precinct, a motion to quash should have been sustained, the information being duplicitous in setting out different offenses, between different parties in the same court.

**3.—Same—Motion to Elect.**

Where in a prosecution for giving away intoxicating liquor on election day the evidence showed that the transactions were distinct and under different circumstances than those charged, and occurred at different times and places, a motion to elect should have been sustained.

**4.—Same—Information.**

In a prosecution for giving away liquor on election day, an information that the election was held in a certain precinct in M. County, for the purpose of determining whether or not intoxicating liquors should be sold in said county, is bad. Following Reuter v. State, 43 Texas Crim. Rep., 572.

Appeal from the County Court of Milam. Tried below before Hon. R. B. Pool.

Appeal from a conviction of giving away liquor on election day; penalty, a fine of $200.

The opinion states the case.

*Chambers & Sharp* and *U. S. Hearrell,* for appellant.—On question to quash because information does not negative exceptions: Leatherwood v. State, 6 Texas Crim. App., 244; Colchell v. State, 23 id., 584; Rice v. State, 37 Texas Crim. Rep., 36; Williams v. State, 37 id., 238; State v. Clayton, 43 Texas, 410; Potts v. State, 74 S. W. Rep., 32; Fleeks v. State, 83 id., 381.

On question of duplicitous pleading: Heineman v. State, 22 Texas Crim. App., 44; Hickman v. State, id., 441.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of giving away whisky on an election day. Motion is made to quash the complaint and information because of their failure to set out the necessary averments, under section 120 of the Acts of the Twenty-eighth Legislature, page 154, known as the Terrell Election Law. We quote that section, which provides: "If any person shall open or keep open, any bar room, saloon or wholesale liquor house, where vinous, malt or spirituous or intoxicating liquors are sold, during any portion of an election day, in any voting precinct, town or city, where such election is held, etc., he shall be punished,  *  *  *  provided such liquor may be sold on election day, by a drug store to fill a prescription of a physician, who shall at the time certify in writing on honor that it is needed by his sick patient," etc. Motion was made to quash the complaint and information, specially because it did not negative the provisos set out in the statute. In Fleeks v. State, 83 S. W. Rep., 381, this question was decided by this court as contended for by appellant, and this language is there used: "It is necessary under the new law to negative the provisos therein contained as it is contained in the enacting clause of the statute."

The charging part of the information was that appellant did on the election day give away whisky to Hilliard Washington, and did then and there inform said Hilliard Washington and others, to wit: Frank Vaughan, Will Casper, H. R. Williams and J. M. Sledge of the whereabouts of whisky at and near the polls of said voting precinct number 5." It is urged this is defective, in that it combined different offenses in the same count. Without going into a discussion of the matter at length, this record shows that if appellant gave whisky to Hilliard Washington, or informed him where he could find it, it was an entirely different transaction from those mentioned in regard to the other named parties. If he informed one or more of those parties in regard to where whisky could be found it was not at the same time and place, and constituted different transactions. He further met this phase of the case after the testimony was in, by asking the court to require the State to elect upon which transaction it would rely for a conviction. This was refused and an exception taken. We believe that the motion to quash should have been sustained, and unquestionably after

the facts were introduced the motion to elect was properly made. It is a rule familiar to criminal pleadings that where a statute sets out that an offense may be committed in different ways under the general definition of such offense, they can be connected in one count and alleged, and the requirements of the statute would be sufficiently met. And it has been further held that different offenses may be set out in different counts, each charging different misdemeanors, and it would not vitiate. These questions will be found discussed in 32 Texas Crim. Rep., 370; 32 Texas Crim. Rep., 381, 474. But the question here involved is not the joining of different means of committing the same offense, but the information sets out different offenses in the same count: offenses shown to have occurred between different parties. Upon the development of the facts, this was made clearly to appear. Where the indictment does not show that they are different offenses or different transactions in the same count, but embraced within the general definition of the statute, then perhaps the motion to quash might not be entertained, but if the pleadings show that they are different offenses and different transactions in the same count, then the motion to quash should be sustained. But even where the averments would not sustain the motion to quash under those circumstances, still when the evidence is introduced, and it is made to appear that the transactions are distinct and under different circumstances than those charged, and occurring at different times and places, the motion to elect should be sustained.

There is another serious objection to this complaint and information which may be noticed. It alleges that the election was held in voting precinct number 5 in Milam County, it being the Maysville voting precinct, for the purpose of determining whether or not intoxicating liquors should be sold in Milam County. This character of election was held erroneous in Rueter v. State, 43 Texas Crim. Rep., 572. In that case it was charged that the election for the entire county was held in the first ward in the city of Dallas, for the purpose of enabling the freeholders of the county to determine whether hogs, sheep or goats, should run at large in the county. Here it is alleged that the election was held in voting precinct number 5 to determine whether or not intoxicating liquors should be sold in Milam County. The question is the same, and that case is in point. For this reason we think this complaint and information are both defective.

There are some other questions of more or less interest that require a reversal growing out of the introduction of evidence. Under the view taken of the case, we do not deem it necessary to enter into a discussion of them. Because the complaint and information are so fatally defective, that they cannot form the basis of a prosecution, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*