C. E. WALKER v. THE STATE.

No. 8212. Decided April 2, 1924.

Rehearing denied June 11, 1924.

1.—Transporting Intoxicating Liquor—Indictment—Negativing Exceptions.

By the amendment of the Dean Law effective in November 1921, the exceptions in the statute were removed from what is called the enacting clause and were put in a separate section, and by the unbroken line of decisions of this court since that time, has held it not necessary to negative the exceptions is in an indictment charging a violation of the liquor laws of this State. Distinguishing: Hewitt v. State, 25 Texas, 722; Duke v. State, 42 id., 462.

2.—Same—Constitutional Law—Legislative Act—Rule Stated.

The general rule seems to be that the Constitution shall lay·down and announce the broad principles, but that matters of procedure applicable to those things contained in the Constitution, are left to the Legislature.

3.—Same—Charge of Court—Burden of Proof—Reasonable Doubt.

Where appellant was on trial for unlawfully transporting intoxicating liquor, and claimed that he was transporting it for medicinal purposes only, it was error to require him in the charge of the court to show by preponderance of the evidence that he was transporting it for said excepted purpose, as this subverts the doctrine of reasonable doubt.

4.—Same—Requested Charge.

Attention is called to a requested charge apparently relied upon as presenting this same proposition, but which does not present it correctly in asking for an acquittal.

5.—Same—Rehearing—Practice on Appeal.

Where appellant filed a motion for rehearing complaining of this court's opinion in which it held that it was not necessary to negative the exceptions in the indictment in the instant case, the same must be overruled.

Appeal from the District Court of Falls. Tried below before the Honorable Prentice Oltorf.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Frank Oltorf* and *Burgess, Owsley, Storey & Stewart,* for appellant. On question of indictment: Pospishel v. State, 255 S. W. Rep., 738; Osborne v. State, 93 Texas Crim. Rep., 54; Laminack v. State, 95 id., 236.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Falls County of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The indictment charges the commission of this offense to have occurred about the 3rd of March, 1923, and the proof corresponds with the allegation. The exceptions contained in the statute were not negatived in the indictment. It is insisted that for such failure the indictment is defective. We do not think so. By the amendment to the Dean Law effective in November, 1921, the exceptions were removed from what is called the enacting clause of the act and were put in a separate section. The unbroken line of decisions of this court since that time have held it not necessary to negative the exceptions to an indictment charging a violation of the liquor laws of this State. This fact is conceded, but the soundness of the proposition is now challenged again. Hewitt v. State, 25 Texas, 722 and Duke v. State, 42 Texas, 462, are chiefly relied on. The prosecution involved in the Hewitt case was for pursuing a certain occupation without a license, and the court was discussing the proposition as to whether the Legislature could enact a law regarding indictments under which the indictment in question could be sustained when it omitted to allege that the occupation pursued by the accused was *without having a license.* We think the conclusion arrived at was eminently correct and that the omission of such allegation was fatal. The gist of the offense was the failure to obtain license. To allege that the accused pursued the occupation merely, and to omit that which constituted the only criminal element in the offense, was clearly erroneous. It would hardly seem necessary to analyze this case to show its lack of application to the question involved in the instant case. The Duke case, supra, was a prosecution for pistol carrying, and it appears upon examination that the statute in force at the time of the commission of the offense then passed upon contained certain exemptions as a part of its en-

acting clause, so that the court held in several opinions handed down about the time of the Duke case, supra, that the indictment should negative the exceptions. Similar holdings appear in the opinions of this court in reference to the Dean Law prior to the amendment in 1921. Subsequent to the rendition of the opinion in the Duke case the pistol law of this State was amended and the exceptions placed in a separate article, since which time it has been uniformly held that indictments for violations of said statute need not negative the exceptions. Lewis v. State, 7 Texas Crim. App., 567; Zallner v. State, 15 Texas Crim. App., 23.

We do not think there is any expression in the Burciago case, 88 Texas Crim. Rep., 576, or the Mayo case, 92 Texas Crim. Rep., 624, which in any way sustains appellant's contention in this regard. Nor do we find application of the other authorities cited and discussed by appellant. The general rule seems to be that the Constitution shall lay down and announce the broad principles, but that matters of procedure applicable to those things contained in the Constitution, are left to the Legislature, and unless the law as laid down by the latter in outlining procedure, in some way runs counter to the declarations of the Constitution, such rules of procedure should be upheld by the courts. A declaration by the Constitution that one shall not transport intoxicating liquor except for medicinal, etc., purposes would be in no way contravened or hindered by legislative declaration in laying down a rule of procedure that the burden of proof should be upon one found transporting such intoxicating liquor, to bring himself within the exceptions named nor by legislative or judicial declaration that the exceptions need not be negatived in the indictment. We adhere to the doctrine heretofore uniformly announced, i. e. that the Legislature by placing the exceptions in a separate section from what is called the enacting clause, may obviate the necessity for negativing such exceptions in the indictment.

This case must be reversed for the error of the charge of ·` · learned trial judge as to the burden of proof. We quote from the charge given to the jury:

"In this connection you are charged that if it be established by the evidence beyond a reasonable doubt that spirituous liquor capable of producing intoxication was transported, then the burden of proof would be upon the defendant to establish by a preponderance of the evidence that it was transported solely for medicinal use."

Appellant was on trial for transporting liquor. He claimed that he was transporting it for medicinal purposes only. In such case it was error to require him to show by a preponderance of the testimony that he was transporting it for said excepted purpose. Such an announcement in the charge of the court subverts the doctrine of reasonable doubt. When there is testimony upon the trial raising the

issue of the transportation, etc., of liquor for one of the excepted purposes, the jury should be told that unless they believed beyond a reasonable doubt that such transportation, etc., was not for the excepted purpose relied upon in the particular case, they should return a verdict of not guilty.

Attention is called to a requested charge apparently relied on as presenting this same proposition, but which we do not think presents it correctly. Said charge is as follows:

"In the event you have a reasonable doubt as to whether the liquor referred to in the evidence was being transported by defendant for his own medicinal purposes, it is your duty to give him the benefit of the doubt and find him not guilty."

To our minds a charge couched in this language states the opposite of what was apparently intended. The jury may have a reasonable doubt as to whether the liquor is being transported for medicinal purposes, but this would not authorize an acquittal. They may not only doubt that such was the purpose of the accused, but may doubt it so seriously as not to believe it at all, but this would furnish no ground for an instruction that in such case an acquittal should follow.

For the error of the charge on the burden of proof as above mentioned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

June 11, 1924.

LATTIMORE, JUDGE.—Appellant has filed a motion for rehearing complaining of that part of our opinion in which we held that it was not necessary to negative the exceptions in an indictment. The motion presents substantially the same arguments and authorities that are set out in the motion for rehearing in case No. 8379, Sproules v. State, opinion this day handed down, and for the reasons therein set forth the motion will be overruled.

*Overruled.*