The judgment is reversed, and the cause remanded.

---

**WHITTLESEY v. STATE.   (No. 8479.)**

(Court of Criminal Appeals of Texas. June 4, 1924.)

Intoxicating liquors ⊙⇒219—Failure of indictment, charging unlawful sale, to name purchaser, held to necessitate reversal of conviction.

Failure of indictment, charging unlawful sale of intoxicating liquor, to state name of purchaser as required by Code Cr. Proc. art. 464, held to require reversal of conviction.

Appeal from District Court, Sabine County; V. H. Stark, Judge.

Travis Whittlesey was convicted of the unlawful sale of intoxicating liquor, and he appeals. Reversed.

D. M. Short & Sons, of Center, for appellant.
Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The unlawful sale of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of one year.

Article 464, C. O. P., requires that in an indictment for the unlawful sale of intoxicat-ing liquor the name of the purchaser shall be stated. This the indictment in the present case fails to do. The conviction cannot therefore be sustained. Alexander v. State, 29 Tex. 496; Dixon v. State, 21 Tex. App. 517, 1 S. W. 448; Hoover v. State (Tex. Cr. App.) 259 S. W. 1088.

The judgment is reversed, and the prosecution ordered dismissed.

---

**SPROULES v. STATE.  (No. 8379.)**

(Court of Criminal Appeals of Texas. April 9, 1924.   Rehearing Denied June 11, 1924.)

1. Intoxicating liquors ⊙⇒222—Indictment for possessing liquors for sale need not negative statutory exceptions in other sections than enacting clause.

Indictment for possessing intoxicating liquors for sale need not negative exceptions in separate sections of statute before or after enacting clause.

On Motion for Rehearing.

2. Constitutional law ⊙⇒½—Constitutions announce principles, which statutes apply.

Constitutions announce principles, while statutes apply them.

3. Intoxicating liquors ⊙⇒13—Act prohibiting possession for sale not invalid because exceptions are in other sections than enacting clause.

Though Const. art. 16, § 20, contains exceptions in the paragraph setting forth the offense, the act prohibiting possession of intoxicating liquors for sale is not invalid, because exceptions are set out in a separate paragraph.

4. Constitutional law ⊙⇒109—Presumptions purely statutory and may be given or taken away by Legislature.

Presumptions are creatures of statute solely, and may be given or taken away by Legislature.

Appeal from District Court, Fannin County; C. A. Wheeler, Special Judge.

Joe Sproules was convicted of possessing intoxicating liquors for sale, and appeals. Affirmed

B. B. Sturgeon, of Paris, and Burgess, Owsley, Storey & Stewart, of Dallas, for appellant.
Tom Garrard, State's Atty., and Grover O. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Fannin county of possessing intoxicating liquors for purposes of sale, and his punishment fixed at one year in the penitentiary.

[1] The questions presented herein are mainly those raised and discussed in Walker v. State (No. 8212) 262 S. W. 759, opinion on

---

April 2, 1924. In the instant case, in his argument to the effect that the exceptions to the liquor law are part of the substantive description of the offense and therefore the indictment failing to negative such exceptions was defective, appellant cites and quotes from Rice v. State, 37 Tex. Cr. R. 36, 38 S. W. 801. Said case was for statutory rape, and the indictment failing to negative the fact that the prosecutrix was the wife of the accused, was held fatally defective. To us it seems plain from a reading of the statute there involved, which forbade carnal knowledge of a female other than the wife of the accused if she be under a named age, that to describe the offense in the indictment it should be affirmatively alleged that the injured female was not the wife of the accused; but the court in its opinion in the Rice Case, supra, rested same on the proposition that the so-called exception was a part of the enacting clause in the statute. We quote from said opinion:

"It is different where the exception is not contained in the enacting clause, but in a different, substantive clause, subsequent to the enacting clause."

We think the rule is met if the exception be in a separate section either prior or subsequent to the enacting clause. Appellant further cites Colchell v. State, 23 Tex. App. 584, 5 S. W. 139. The opinion in that case is also based upon the proposition that the exceptions to the gaming statute were a part of the enacting clause and should be negatived for that reason. He also cites Williamson v. State, 41 Tex. Cr. R. 461, 55 S. W. 568. This case is one similar in principle to the case of Hewitt v. State, 25 Tex. 722, which is discussed at some length in the opinion in Walker v. State, supra. The question was that one who was charged with pursuing an occupation without a license was not sufficiently charged in the indictment unless it be alleged that his pursuing said occupation was without a license. Potts v. State, 45 Tex. Cr. R. 45, 74 S. W. 31, 2 Ann. Cas. 827, is also relied upon by appellant. This case is exactly like the Williamson and Hewitt Cases, above mentioned, and is not in point in the instant case. The pursuit of a useful occupation not inherently harmful may be regulated by statute requiring that a license or occupation tax thereon be fixed and paid, and it would be manifest that to merely charge one with pursuing such occupation would charge him with no offense, and that in order to insert or set out that which is absolutely necessary to an allegation of the gist of the offense, it should be stated that the pursuit of such occupation was without a license. Fleeks v. State, 47 Tex. Cr. R. 327, 83 S. W. 381, is also cited. That case was reversed because the statute under which the prosecution was brought was held to be repealed by a subsequent statute, and we find nothing in it sustaining appellant's contention. Thweatt v. State, 49 Tex. Cr. R. 617, 95 S. W. 517, is referred to. This is a case brought under the law which was held to have repealed a former statute in Fleeks v. State, supra. In the Thweatt Case the court held it necessary to negative the exceptions set out in the statute referred to because they were contained in the enacting clause. We are not now discussing that proposition. Prior to the 1921 amendment to the Dean Law, we held the same thing with regard to indictments for the violation of said law. Lowery v. State, 79 Tex. Cr. R. 382, 185 S. W. 7, is cited. In that case this court held that what was claimed to be an exception and contained in the enacting clause was no more than a statutory provision fixing matters which might be pleaded as a defense, and that it was not necessary that same be negatived in the indictment.

There is but one bill of exceptions in this record which complains of the introduction of a confession made by appellant. No ground of the exception is set out in the bill. We have examined the confession carefully and observe nothing in it which supports any legal ground of objection which might be made.

The evidence supports the charge.

No error appearing in the record, an affirmance will be ordered.

### On Motion for Rehearing.

Appellant files a lengthy brief showing much effort, and we have carefully examined the same. The question of the presumption arising from the possession of more than a quart of intoxicating liquor seems in no way involved in the instant case, and we regret our inability to see any application of appellant's argument and discussion of authorities applicable to that proposition.

The rule that when the exception in a statute is not made a part of the definition of the offense, but is contained in a separate statute or article thereof, it is not necessary to negative such exception in an indictment charging the offense, has prevailed in this court and others from a time long anterior to the adoption of the Eighteenth Amendment or to the adoption of amended section 20, art. 16, of our state Constitution, and the principle has but been followed by us in applying it to the indictment herein.

[2, 3] We are not able to follow learned counsel in their strenuous insistence that the Legislature was without power to place the exception in a separate article or section of the statute; it being insisted that it was erroneously so placed because in the amendment as adopted it was set out in the same paragraph. We are cited to no authorities which by direction or by analogy support such contention. Constitutions announce principles. Statutes apply them. Amended,

section 20, art. 16, of our Constitution declares that all sales, etc., of intoxicating liquors are prohibited save when same are for medicinal, mechanical, sacramental, or scientific purposes, and said amended section expressly directs that the Legislature shall make laws to enforce this section, and also specifically grants to the Legislature power to' pass any laws additional to or in aid of the provisions named in the amendment, which the Legislature may deem advisable.

[4] The argument of appellant is interesting, but it hardly seems necessary for us to say that nothing in the placing of the exception in a separate section of the statute interferes with the right of trial by jury, or takes from the accused any of the presumptions arising in all criminal cases under our statutes. If the state by negative averment plead the exceptions, it would not be required to prove such exceptions under all our authorities. Appellant would derive no substantial benefit in the matter of presumptions. If then in any case the burden of proof be upon him who asserts himself within one of the exceptions, what could it profit him whether the exception be or be not negatived in the indictment? Presumptions are creatures of statute solely, and may be given or taken away by the Legislature;, but we deem a discussion of such matters purely dicta.

We have considered as far as we can apply them the arguments of appellant and the authorities cited, but believe the case properly decided in the original opinion, and the motion for rehearing is overruled.