# NOVEMBER ,1932

### R. T. Bullock v. The State.

No. 15351. Delivered November 2, 1932.
Reported in 54 S. W. (2d) 91.

The opinion states the case.

*C. E. Florence* and *Edwin M. Fulton,* both of Gilmer, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for assault with intent to rape, punishment being two years in the penitentiary.

The main insistence before this court is that the evidence was not sufficient to support a conviction for assault with intent to rape. We find it unnecessary to consider that question.

Our attention has been called to the form of the indictment. That part of the statutory definition of rape (article 1183, P. C.), applicable to the present case provides that rape is: "* * * The carnal knowledge of a female under the age of

eighteen years, *other than the wife of the person*, with or without her consent, and with or without the use of force, threats or fraud." The language "other than the wife of the person" accused being a part of the very definition of one character of rape denounced by the statute, it follows that, where the state relies upon that phase of the rape statute, which it does in this case, it is necessary to allege in the indictment charging that character of rape or assault with intent to rape, that the female was not the wife of accused. The charging part of the present indictment alleges only that appellant "in and upon Jewell Rumsey, a female under the age of eighteen years, did make an assault with the intent then and there to commit the offense of rape upon the said Jewell Rumsey, by then and there attempting to have carnal knowledge of her." There is no averment that prosecutrix was not the wife of accused. The indictment is exactly like that found in Dudley v. State, 37 Texas Crim. Rep., 543, 40 S. W., 269, which was held fatally defective. To the same effect is Edwards v. State, 37 Texas Crim. Rep., 242, 39 S. W., 368; Rice v. State, 37 Texas Crim. Rep., 36, 38 S. W., 801; Sproulen v. State, 97 Texas Crim. Rep., 561, 262 S. W., 757. Under the defective indictment only one order can follow.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*