

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 10, 1947

Honorable William N. Hensley
Criminal District Attorney
Bexar County
San Antonio 5, Texas

Opinion No. V-18

Re: Whether Penal Code Arti-
cle 1388b-1 making it a
misdemeanor for any per-
son to willfully set
fire to, among other
things, grass on lands
of which he is not in
possession or control,
so as to cause loss or
injury to another, and
otherwise dealing with
the setting of fires,re-
peals by implication Pe-
nal Code Article 1327,
making one guilty of a
felony who willfully
fires any grass within
any enclosure not his
own, with intent to de-
stroy the grass in such
pasture.

Your question, contained in a request for an
opinion concerning the above subject matter, reads:

"Does Article 1388b-1 of the Penal Code,
enacted by the 46th Legislature, page 242, and
effective May 1, 1939, a misdemeanor, repeal
Article 1327, enacted in 1884, a felony?"

Your request is also accompanied by an excel-
lent and comprehensive brief which has been helpful in
the analysis of this question. Article 1327 reads as
follows:

"Whoever willfully fires any grass
within any inclosure not his own in this
State, with intent to destroy the grass
in such pasture, or any part thereof, or

whoever fires the grass outside of any
inclosure with the intent to destroy
the grass therein by the communication
of said fire to the grass, shall be con-
fined in the penitentiary not less than
two nor more than five years."

Article 1388b-1 provides, insofar as perti-
nent to your question:

"Section 1. Any person who will-
fully sets fire to woods, forests, fences,
grass or rubbish of any kind, on lands of
which he is not in possession or control
at the time of setting out such fire, or
who willfully causes fires to be communi-
cated to such woods, forests, fences,
grass or rubbish, or who willfully and
maliciously sets on fire or causes to be
set on fire any timber, weeds, or marshes,
so as to cause loss or injury to another,
shall be guilty of a misdemeanor, and on
conviction must be fined not less than Ten
($10.00) Dollars, nor more than Two Hun-
dred ($200.00) Dollars. . .

* * * * *

"Sec. 4. Every individual or corp-
oration who willfully or negligently sets
or communicates fire to timber lands,
woods, brush, grass, or stubble, on lands
not their own, shall be guilty of a mis-
demeanor."

The elements of the two offenses defined
are not identical. Article 1327 contemplates the fir-
ing of grass within any inclosure, while Article 1388b-
1 does not limit the offense there prescribed to the
firing of grass within an inclosure. Article 1327 only
prohibits the firing of grass not his own, while under
Section 1 of Article 1388b-1, the culprit, though he
owns the land, may yet be chargeable with the offense
prescribed if he be not in possession or control at the
time of setting of such fire. That ownership may be
distinguished from possession or control is indicated
in Phillips vs. State, 17 Cr. R. 169, construing Art.
1327. Under Art. 1327, one is guilty who fires the
grass as therein prohibited, though no damage may be

done, while Art. 1388b-1 contemplates that loss or injury to another shall have been caused by the fires. In Barker vs. State, 140 Cr. R. 580, 146 S. W. (2d) 761, construing Art. 1388b-1, it was held necessary that the indictment allege that defendant set fire to a fence "so as to cause loss or injury to another" where an indictment under Art. 1388b-1 was presented.

Article 1388b-1 does not contain a repealing provision. Since the two Articles define offenses, the elements of which are clearly distinguishable, they do not contain provisions so repugnant as to justify a construction effecting a repeal of the earlier law by implication because of repugnancy.

A more troublesome question is raised by the language of Sec. 4 of Art. 1388b-1; especially in view of the fact that the emergency clause, which is Sec. 5 of the original Act, recites that the fact that there is no law on our statutes now "protecting lands and timber against fires creates an emergency," etc.

The fact that the Legislature professed to know of no law protecting lands and timber against fire negatives any implication that the Legislature intended to repeal any former law covering the same subject matter. Yet, Sec. 4 might be construed to declare as a policy that the willfully setting or the communicating of fires to timber lands, woods, brush, grass, or stubble on the lands of another shall be guilty of a misdemeanor thereby superseding the older felony statutes. If Sec. 4 is to be so construed, it is repugnant to the apparent compass of Art. 1327. It might also be construed as repugnant to Penal Code Articles 1321, 1328, 1330 and parts of Article 1388a, at least insofar as they apply to an "individual or corporation." These latter statutes also deal with willfully or negligently setting or communicating of fire to timber lands, woods, brush, grass and stubble, but each deals with distinguishable circumstances and methods, or with the particular intent involved in the commission of each offense defined in that regard. Some of them also define offenses other than those involving the setting of fire to timber lands, woods, brush, grass or stubble. However, Sec. 4 is not so construed by this Department but rather it is construed as merely giving effect to and clarifying the nature of the offenses described by Article 1388b-1. In other words, its purpose is construed to be to elucidate and state

the purposes for which this particular Act, Article 1388b-1, was passed, and also to give effect to this Article as against corporations as well as individuals. As stated in St. Louis B & N Railway, et al, v. Marcofich, 221 S. W. 582, by the Commission of Appeals and approved by the Supreme Court, speaking of apparently inconsistent or repugnant enactments:

"Though they may seem to be repugnant, if it is possible to fairly reconcile them, it is the duty of the court. A construction will be sought which harmonizes them and leaves both in current operation, rather than destroys one of them. If the later statute reasonably admits of a construction which will allow effect to the older law and still leaves an ample field for its own operation, a total repugnance cannot be said to exist, and, therefore, an implied repeal does not result, since in such case both may stand and perform a distinct office."

While it is true that it is often necessary to conclude that the Legislature in passing a new law covering the whole subject matter of an old law intended to repeal the old law as was done in the situations involved in such cases as Meeks vs. Wheeler County, 125 S. W. (2d) 331, affirmed 144 S. W. (2d) 885; Fleeks vs. State, 83 S. W. 381; and Robertson vs. State, 159 S. W. 713, such conclusions were arrived at only where an intention to repeal all inconsistent laws was contained in the later act or the later act was necessarily inconsistent with and repugnant to former laws. It may be noted that Art. 1388b-1 does not cover the entire field of criminal law dealing with the setting of fires. See Title 17, Chapter 1 (Arson) and Chapter 2 (Other Willful Burning).

While Article 1327 is closely akin to Article 1388b-1 and covers similar offenses and is undoubtedly difficult to distinguish, yet the mandate to harmonize and give effect to both laws where possible should, it is believed, be given paramount effect in the construction of these acts of the Legislature, and we feel compelled to so construe these Articles in this instance, especially since it is obvious from the language of the later act that no intention could have existed to repeal the former.

This department, therefore, agrees with your conclusion contained in your brief and holds that Article 1388b-1 is not irreconcilable and repugnant to Article 1327, and therefore the former does not repeal the latter by implication.

## SUMMARY

Held, Penal Code Article 1388b-1, making a misdemeanor the act of any person who willfully sets fire to woods, forests, fences, grass or rubbish of any kind, on lands of which he is not in possession or control at the time of setting of such fire, so as to cause loss or injury to another, does not repeal by implication a prior enactment, being Art. 1327, providing that whoever willfully sets fire to any grass within an enclosure not his own with intent to destroy the grass therein is guilty of a felony.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _Ned McDaniel_

Ned McDaniel,
Assistant

NM:WB

APPROVED
OPINION COMMITTEE
BY: BWB
CHAIRMAN

APPROVED FEB. 10, 1947

_Price Daniel_

ATTORNEY GENERAL OF TEXAS