## WILFORD JENKINS v. THE STATE.
## J. A. POE v. THE STATE.

1. An indictment under a statute which, under certain circumstances, permits the acts complained of, need not negative the idea that the act was committed under circumstances not amounting to an offense. This would be matter of defense, and the indictment need not negative such possible defense.

2. The defendants were indicted for carrying concealed weapons, and, on the trial, the court below instructed the jury that they might find the defendants guilty if the act was proved to have been committed within one year before the indictment was found. The statute being a recent enactment, the court should have explained to the jury when it went into operation; but, in the present case, the evidence showing conclusively that the acts complained of were committed after the law went into operation, the appellants suffered nothing by the omission. The defendants should have asked such explanation in the court below; it is too late to raise the objection in this court, unless it was manifest that they had suffered some prejudice by the omission.

APPEAL from Rusk. Tried below before the Hon. J. B. Williamson.

There is no occasion for a statement of the facts.

*W. W. Morris, W. W. Spivy,* and *Jones & Field,* for the appellants.

*Wm. Alexander, Attorney-General,* for the State.

WALKER, J. The same questions are insisted upon by the appellant in each of these cases. The authority of Hewitt *v.* The State, and The State *v.* Wilburn, 25 Texas, 722 and 738, would seem to sustain the point made by the appellants, without close examination; but there is a very material difference.

In those cases, the offense charged was selling liquors without a license The offense did not consist in selling the liquor

merely, but it must be sold without a license, to make it an offense; and, unless the indictment so charged, the offense was not made out.

But, in the cases now under consideration, the offense consists in carrying on or about the person a pistol, the said pistol being then and there a deadly weapon, contrary to law. If there be exceptions named in the statute, under which the carrying of the weapon would not be an offense against the law, this would be matter of defense, and the indictment need not negative any such possible defense. The offense against the law may be completely described without such negative averment.

But it is insisted the court erred in charging the jury that they might find the defendants guilty if the act was proven within one year preceding the finding of the indictment. Doubtless the court should have explained to the jury when the act under which the indictments were found, went into operation; but the evidence shows conclusively that the acts complained of were perpetrated since the law went into force, and therefore the appellants could suffer nothing by the omission of the court to give the explanation. Such an explanation of the law should have been asked by defendants' counsel in the court below; it is too late to raise the objection here, unless it were manifest to the court that the appellants had sustained some wrong or injury. The judgments in each of these cases will be affirmed.

Affirmed.

Evans, Presiding Judge, dissented.