HENRY RICE v. THE STATE.

*No. 1144. Decided January 13th, 1897.*

1. **Pleading—Indictment.**

It is a familiar rule, and without exception, that, where an offense is defined by statute, all of the essential elements of the offense must be alleged in the indictment.

2. **Same—Exception in Statute.**

Where the statute creating an offense, in the body thereof, or as a part of the enacting clause, contains an exception so that the one cannot be read without the other, the exception must be negatived in the indictment. And, if the exception itself be incorporated in the general clause, then the party relying on the general clause must, in pleading, state it, together with the exception.

3. **Same—Indictment for Rape Upon a Female Under the Age of Fifteen Years.**

An indictment, brought under Art. 633, Penal Code, for rape upon a female under the age of fifteen years, is fatally defective if it fails, with certainty, to negative the fact that the female is the wife of the accused.

APPEAL from the District Court of Caldwell. Tried below before Hon. H. TEICHMULLER.

Appeal from a conviction for rape upon a female under the age of fifteen years; penalty, thirty years' imprisonment in the penitentiary. The indictment is set out in the opinion.

Defendant made a motion in arrest of judgment upon the ground, that the indictment was fatally defective in not negativing the fact, that the injured female was the wife of defendant. This motion was overruled.

No statement necessary.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of rape, and his punishment assessed at thirty years' confinement in the penitentiary; hence this appeal. The only question which will be noticed is that pertaining to the indictment, which, as to the charging part, is as follows, to-wit: "That Henry Rice * * * did then and there unlawfully make an assault in and upon Jennie Bradstreet, a female under the age of fifteen years, and did then and there ravish and have carnal knowledge of said Jennie Bradstreet, against the peace and dignity of the State."

After conviction, appellant filed a motion in arrest of judgment, alleging "that the indictment upon which the appellant was convicted is fatally defective and insufficient in law, and charges no offense, in that the same fails to negative the fact that the alleged injured female was the wife of the defendant." Said motion in arrest of judgment was overruled by the court, and appellant reserved his bill of exceptions. That part of our statute with reference to rape of females under the age of 15 years reads as follows: "Rape is the carnal knowledge of a female under the age of 15 years, other than the wife of the person, with or without her consent, and with or without the use of force, threats or fraud." See, Penal Code, 1895, Art. 633. With regard to setting out a criminal offense, it is a familiar rule, and without exception, that, where an offense is defined by our statute (and there are none other in this State), all of the essential elements of the offense must be alleged in the indictment. And it has been held that it is incompetent for even the legislature to create an exception to this rule. See, Hewitt v. State, 25 Texas, 722. It has also further been held that where a statute creating an offense, in the body thereof, or as a part of the enacting clause, contains an exception, so that the one cannot be read without the other, then the exception must be negatived. It is different where the exception is not contained in the enacting clause, but in a different, substantive clause, subsequent to the enacting clause. In such case, though it be in the same section, it is a matter of defense, to be shown by the defendant. Lord Tenterden thus states the rule: "If an act of parliament, or a private instrument, contain in it, first, a general clause, and afterwards a separate and distinct clause, which has the effect of taking out of the general clause something which would otherwise be included in it, a party relying upon the general clause, in pleading, may set out that clause only, without noticing the separate and distinct clause which operates as an exception; but, if the exception itself be incorporated in the general clause, then the party relying on it must, in pleading, state it, together with the exception." 6 Barn. & C. 432. On this subject, see, Com. v. Hart, 11 Cush., 130, reported in 2 Benn. & Heard, Cr. Cas. p. 1, and the extended and exhaustive note thereto. This same question has also been before this court a number of times, and the same doctrine has been repeatedly enunciated as the rule. See, Colchell v. State, 23 Tex. Crim. App., 584; Leatherwood v. State, 6 Tex. Crim. App., 244; Huntsman v. State, 12 Tex. Crim. App., 619; Hewitt v. State, 25 Texas, 722; State v. Duke, 42 Texas, 455; State v. Clayton, 43 Texas, 410. Applying this rule to the construction of this statute, it will be seen that the words "other than the wife of the person" occur in the body of the enacting clause. The offense cannot be read without reading this. It does not occur in any proviso or distinct, substantive clause, but is a part of the act itself, and, under the rule heretofore laid down, the indictment should negative the fact that the alleged injured female was the wife of the defendant. Of course, it is best that this negation be by direct and positive averment. How-

ever, there may be cases in which such negation might otherwise be set out by the pleader; but, if it is attempted, the allegation should be so certain as to exclude the idea which is intended to be negatived in the statute. As applied to this case, the allegation, if not of a direct and positive character, must show by averment, in some way, to a certainty, that the alleged injured female was not the wife of the defendant; that is, it must absolutely exclude the idea that she was his wife. It may be contended that the use of another name than that borne by the defendant sufficiently negatives the idea that she was his wife. There is nothing in our statute requiring or compelling the wife to take or assume the name of her husband. While this is generally the case, yet the wife might retain her own name. She might be married to the defendant, and still be known by her maiden name, or some other name than his. "It is said, the husband being the head of a family, the wife and children adopt his family name—by custom, the wife is called by the husband's name; but whether marriage shall work any change of name at all is, after all, a mere question of choice, and either may take the other's name, or they may join their names together." See, 9 Amer. and Eng. Ency. of Law, tit. "Husband and Wife," p. 813; and also Converse v. Converse, 9 Rich, Eq., 535, 574: Fendall v. Goldsmid, 2 Prob. Div., 263; and Ex parte Snook, 2 Hilt., 566. The above rule has been followed by this court in an indictment for adultery. See, Clay v. State, 3 Tex. Crim. App., 499. For the fact that the indictment does not, by averment, direct or otherwise, negative the idea that Jennie Bradstreet was the wife of appellant, we hold that the same was bad, and the motion in arrest of judgment should have been sustained. The judgment of the lower court is accordingly reversed, and the cause dismissed.

*Reversed and Dismissed.*