# FEBRUARY 24, 1937

MRS. STERLING D. ANDERSON V. THE STATE.

No. 18629.   Delivered December 9, 1936.
State's Rehearing Denied February 24, 1937.

The opinion states the case.

*H. J. Bernard* and *B. L. Palmer,* both of Houston, for appellant.

*K. C. Barkley,* Criminal District Attorney, and *A. H. Krichamer,* Assistant District Attorney, both of Houston, and *E. F. Fruechte,* Attorney Texas Liquor Control Board, and *Lloyd W. Davidson,* State's Attorney, both of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling liquor in a package permit store on Sunday; punishment, a fine of $100.00.

Sec. 25 of Art. 1, Chap. 467, Acts Second Called Session, 44th Legislature, reads as follows:

"No sale or delivery of liquor shall be made on or from the premises of the holder of any permit (except upon the prescription of a duly licensed physician): * * * on Sundays."

The information against this appellant charged her as follows:

"Did on Sunday * * * sell liquor to A. M. Douglass on said premises so known as and located * * * in the city of Houston, Harris County, Texas, * * * the said package store permit so issued being then and there in full force and effect."

The exception observed in the quoted part of the statute above is in no way negatived. In our opinion the information is fatally defective.

It has been the rule in this State without exception, so far as we have been able to observe, that where an offense is defined by statute, all the essential elements of the offense must be alleged in the indictment. We quote from the syllabus in Rice v. State, 37 Texas Crim. Rep., 36, as follows:

"Where the statute creating an offense, in the body thereof, or as a part of the enacting clause, contains an exception so that the one cannot be read without the other, the exception must be negatived in the indictment. And, if the exception itself be incorporated in the general clause, then the party relying on the general clause must, in pleading, state it, together with the exception."

This rule has been followed uniformly. See Thweatt v. State, 95 S. W. Rep., 517; Brown v. State, 168 S. W. Rep., 861; Reeves v. State, 88 Texas Crim. Rep., 444; Ford v. State, 286 S. W. Rep., 1089.

We are not unaware of the fact that Sec. 9, Art. 1, of said Chap. 467, supra, provides in general terms that it shall not be necessary for any information, complaint or indictment to negative any exception contained in this Act concerning any prohibited act, etc., but this court has uniformly held that where the exception is written in the body of the law, and,— as said in some of the cases,—is made part of the enacting clause of the statute itself,—we can not give application to the terms of Sec. 9, supra. The exception is so clearly made part of the offense, and is so plainly written into the very definition and description of the offense as that one can not be read without the other. It would have been comparatively easy for the Legislature to have put the exception in a separate clause, or to have written it in a separate place so as that we would not be compelled to hold it an essential part of the definition of the offense, but as we find it we do not feel privileged to strike

down the great number of decisions written by this court and by our illustrious predecessors, hence our holding as above indicated.

The judgment will be reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Through the District Attorney of Harris County the State has filed a motion for rehearing in which it is urged that we erred in holding that the exception contained in the defining clause of the statute under consideration should have been averred.

We take occasion here to call attention to our opinions in Whitmire v. State, 94 S. W. (2d) 742; Privett v. State, 98 S. W. (2d) 204; Kelly v. State, 98 S. W., 998, and others following those named, in which we pointed out the averments necessary to charge a violation of certain provisions of the Texas Liquor Control Act, in what is called "Dry Area," and approved the forms of some indictments. No point was made in such cases of a failure to negative exceptions in the defining clauses under which the prosecutions arose, and our attention was directed solely to the necessary averments to plead that the act complained of occurred in "Dry Area." In charging offenses where exceptions are found in the enacting or defining clause, pleaders for the State should also observe the rules suggested in our original opinion.

The State's motion for rehearing is overruled.

*Overruled.*