H. H. Brossman the sixth day of September, A. D. 1936, being a Sunday."

The averments in the information correspond with those of the complaint. The prosecution proceeded under subdivision (d) of section 25, art. 1, c. 467, General and Special Laws passed by the Forty-Fourth Legislature at its Second Called Session (Vernon's Ann.P.C. § 666—25 (d). Said subdivision prohibits the sale or delivery of liquor on or from the premises of the holder of any permit on Sunday, except upon the prescription of a duly licensed physician. It is observed that the complaint and information fail to negative the exception, that is, fail to allege that the sale was not made upon a prescription from a duly licensed physician. In the recent case of Mrs. Sterling D. Anderson v. State, 105 S.W.(2d) 258, delivered December 9, 1936, this court held that the exception was so clearly made part of the offense and was so plainly written into the very description and definition of the offense as that one could not be read without the other. In that case it was charged that the holder of a permit sold liquor on Sunday. It was held that it was necessary to negative the exception.

It is suggested that if another complaint be filed, the liquor alleged to have been sold should be described by alcoholic content or in such manner as to show that it was comprehended by the statute.

The judgment is reversed, and the prosecution ordered dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### SMITHART v. TEXAS LIQUOR CONTROL BOARD.

No. 12477.

Court of Civil Appeals of Texas. Dallas.

April 10, 1937.

Taylor, Irwin & Irwin and Ivan Irwin, all of Dallas, for appellant.

Wm. McCraw, Atty. Gen., and Vernon Coe, Leon O. Moses, M. C. Martin, and Sam Lane, Asst. Attys. Gen., for appellee.

JONES, Chief Justice.

Appellant, Floyd Smithart, held Package Store Permit No. 2280, issued by the Texas Liquor Control Board, which authorized him to operate a place of business for the sale of liquor in package form at 2304 Live Oak street, city of Dallas, Dallas county, Tex. This permit was canceled after notice to appellant, and a hearing thereon by the Liquor Control Board, January 8, 1937. Appellant at once prosecuted the appeal from this order of cancellation, as provided in article 666—14, Vernon's Ann.P.C., by filing petition, on January 17, 1937, in a district court of Dallas county, alleging that the judgment of the Liquor Control Board, canceling the permit, should be set aside because of various alleged errors committed by such board. The Texas Liquor Control Board filed its answer and cross-action January 29, 1937, and after a trial of the case on its merits, a judgment was entered, canceling said Package Store Permit No. 2280, held by Floyd Smithart, and permanently enjoining Floyd Smithart, his agents, employees, and servants, from operating and selling liquor under Permit No. 2280. The appeal is duly prosecuted from this judgment.

■ The case is before this court without a statement of facts, and the only assignment of error in appellant's brief is: "The district court erred in cancelling appellant's permit on the pleading of the Texas Liquor Control Board." However, appellee's propositions under this assignment specifically point out that the contention is made that the allegations pleaded in the cross-action by the Liquor Control Board are not sufficient to authorize the cancellation of the said permit, in that, such allegations do not negative an exception made in the first paragraph of article 666—25, Vernon's Ann.P.C. So much of article 666—25 as is relevant to the question under discussion reads: "No sale or delivery of liquor shall be made on or from the premises of the holder of any permit (except upon the prescription of a duly licensed physician) * * * (d) On Sundays." Article 666—12, Vernon's Ann.P.C., authorizes the Liquor Control Board to cancel any permit after notice and hearing if it be established, "(a) That the permittee has violated any provision of this Act or Acts amendatory thereof, or any valid rule or regulation of the Board."

Appellant strenuously contends that the mere allegation of a sale on Sunday, without negativing the fact that it was made on a physician's certificate, does not allege that he had violated any provision of this act. If this expressed the legal effect of the allegations in the cross-action of the Liquor Control Board, we would be inclined to agree to the contention. However, this does not fairly represent the allegations made in said cross-action. These allegations are: "That on or about the 18th day of October AD 1936, Al Jennings, Floyd Smithart's agent, servant and employee, unlawfully sold and delivered from the premises of said Package Store Permit No. 2280, one pint of whiskey to H. H. Brossman, the said 18th day of October AD 1936, being Sunday and in violation of the Texas Liquor Control Act, as passed by the Second Called Session of the Forty-Fourth Legislature."

The succeeding paragraph contains the second count in the cross-action and alleges a sale of one pint of whisky by Floyd Smithart to W. P. Allen and George Hearnie; in other respects, the allegation of this second count contains the same language as the allegation above copied.

Each of these allegations alleges the respective sales to have been made on Sunday, to have been unlawful, and in violation of the Texas Liquor Control Act, as passed by the Second Called Session of the Forty-Fourth Legislature, 1935, c. 467 (Vernon's Ann.P.C. art. 666—1 et seq.). If the sales had been made under the prescription of a duly licensed physician, neither would have been unlawful and neither would have been made in violation of the said Texas Liquor Control Act. If the allegation that the sales were unlawful and in violation of said law were too general to put appellant upon notice of what specific violation of said law was alleged, it may have been cured by the filing of a special exception, because the allegations were too general, but no special exception was filed. Appellant never claimed surprise in this respect, but went to trial on the allegations made, without invoking a ruling on his general demurrer. These allegations were sufficient to state a cause of action for the cancellation of the permit, as against a general demurrer, though, as said above, they may have been subject to a special exception.

■ This is a civil action, though certain criminal statutes are involved. We have read and considered the opinion of the Court of Criminal Appeals in the case of Mrs. Sterling D. Anderson v. State of Texas, 105 S.W.(2d) 258, and hold that such opinion is not authority in the instant case. The opinion holds that, because the information on which Mrs. Anderson was prosecuted did not negative the exception in the statute, it charged no offense. This decision is in line with many other decisions of the Court of Criminal Appeals, but the same strict rules of pleading which apply to the drawing of an indictment or information do not necessarily apply to a petition in a civil action. The indictment in a criminal case must stand as it is drawn, but a petition in a civil case may be amended to meet special exceptions or even a general demurrer.

It necessarily follows from what has been said that this case must be affirmed, and it is so ordered.

Affirmed.