## JUNE 2, 1937

### W. B. BAKER v. THE STATE.

No. 18666. Delivered June 2, 1937.

The opinion states the case.

*M. E. Gates,* of Huntsville, and *J. S. Bracewell,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—In view of the State's motion for rehearing, and our opinion as to what should be done in this case, we have concluded that our original opinion should be withdrawn and the following substituted:

Appellant was convicted for selling intoxicating liquor, to-wit: whisky, in a dry area; punishment, a fine of $100.00.

The prosecution in this case is under Sec. 4b of Art. 1, Chap. 467, Acts Second Called Session, 44th Legislature, which makes it unlawful for any person to manufacture, transport or possess for the purpose of sale in any dry area in this State any liquor containing alcohol in excess of one-half of one per cent by volume. It is provided further in said Sec. 4b as follows: "Provided further that this section shall not apply to the holders of industrial or medicinal permits." Appellant moved to quash the complaint and information upon the ground that they did not negative the exception above set out, which ap-

pears to form a part of the section defining the offense herein charged.

The complaint and information charged as follows:

"In the Name and by Authority of the State of Texas, R. T. Burns, County Attorney of the County of Walker, State of Texas, at this, the July-August Term, A. D. 1936, of said court, comes in behalf of the State of Texas and in connection with the complaint of T. E. King, herein filed, presents, in and to said county court that in said county and state, on or about the 24th day of June, A. D. 1936, W. B. Baker did then and there unlawfully sell spirituous, intoxicating liquor, to-wit, whiskey, to Joe E. Kolos, after an election had been held by the qualified voters of the said county in accordance with law, to determine whether or not the sale of spirituous, intoxicating liquors, to-wit: whisky, should be prohibited, and such election had resulted in favor of prohibiting the sale of spirituous, intoxicating liquors, to-wit, whiskey, in said county and the Commissioners Court of said county had duly made, passed and entered its order declaring the result of said election, and prohibiting the sale of spirituous, intoxicating liquor, to-wit, whiskey, in said county as required by law, which said order had been published for the time and in the manner required by law; said election having been heretofore held on the 3rd day of June, A. D. 1914. Against the peace and dignity of the State."

This complaint and information are to be commended.

In passing on appellant's motion to quash the information, we take occasion to say that as far as we are able to ascertain we have here a situation unlike any heretofore before this court, wherein the question of the proper disposition of an indictment or information, under a statute containing exceptions,—was involved. It is plain that if a statute be enacted defining an offense,—a necessary part of which definition be the doing or not doing of some named thing, an indictment charging such offense, to be good, would have to affirm the doing of the thing necessary, as well as negative the existence of the exceptions, in order for such indictment or information to adequately set out the offense. Such was the holding in the case of Hewitt v. State, 25 Tex., 722, decided in 1860; and also when cases were brought here appealed from convictions under the original Dean Law passed in 1919, as will be noted later. So also in Anderson v. State, No. 18,629, opinion handed down December 9, 1936, not yet published (page 37 of this volume), in which we had before us construction of Sec. 25, Art. 1, Texas

Liquor Control Act, and we held the statute so worded as that the exception becomes a part of the definition of the offense, and that the indictment was bad because such exception was not negatived, and that in such case Sec. 9, id, could have no effect. The language of the exception in said Sec. 25 is almost, if not exactly, the same as the language of the exceptions in the original enactment of the Dean Law in 1919.

It would seem too plain for argument that if the exception or omission mentioned in a statute be a necessary part of the description of the offense,—it should be set out and properly negatived in order to meet the constitutional guarantee to every citizen, of an indictment which should state the nature and character of the offense charged. For early decisions discussing this principle see Hewitt v. State, 25 Tex., 722; Huntsman v. State, 12 Texas Crim. App., 619; Rice v. State, 37 Texas Crim. Rep., 36; Williamson v. State, 41 Texas Crim. Rep., 464; Bryan v. State, 54 Texas Crim. Rep., 18.

In the Hewitt case, supra, the accused was indicted for selling whisky. At that time there was no inhibition in Texas against the sale of whisky, save it be sold without license; and it appears from the opinion in said case that as part of the statute alleged to have been violated, it was enacted that in any prosecution thereunder it should not be necessary to allege or prove that such sale was without license. The opinion was by Judge Roberts, and he held that since there was no penalty for the mere sale of whisky, and that such sale was only made penal when sold without license, the fact of having no license was the very gist of the offense; and,—in the absence of an averment of a sale without license,—no offense was charged; and the court properly held also that the legislature was without power to authorize the omission from either pleading or proof of the necessary element of no license.

The question of the location in said statute of the exception or omission clause referred to was not discussed or apparently considered. It was and is plain that the offense involved could not be legally charged without setting forth that the sale was without license, and that for such failure the indictment was bad. This case has been uniformly followed. It is interesting to note some of the cases expanding and differentiating the holding.

In Jenkins v. State, 36 Tex., 638, the rule laid down in the Hewitt case, supra, was held not applicable to a case against one charged with carrying a pistol, and it was declared that the

exceptions named in the pistol statute would but entitle the accused to plead such matters as defensive; and that it was not necessary to negative in the indictment such possible defenses; Presiding Judge Evans dissented for reasons not stated.

In State v. Duke, 42 Tex., 455, the Jenkins case, supra, was overruled, and it was held necessary to the validity of the indictment that it negative the fact that the carrier of the pistol was a policeman, or that he had reasonable ground to fear an attack, or that he was on his own premises, etc., etc., the court saying: "But being essential parts of the description of the offense, a statute authorizing their omission would be in violation of the constitutional right," etc. Without setting out the exceptions referred to at length in the opinion in the Duke case, we observe that same plainly appear to be ingredients of the offense charged.

In Blasdell v. State, 5 Texas Crim. App., 263, appears a conviction for the illegal practice of medicine, and on appeal it was claimed that the indictment was bad because of the fact that two provisos appended to the fifth section of the act were not negatived, and the Duke case, supra, was relied upon by the accused. The provisos referred to were substantially as follows: "Provided that nothing in this act shall apply to those who have been regularly engaged in the practice of medicine under the act of 1873; provided further that nothing in this act shall apply to those who have been regularly practicing medicine for five consecutive years," etc. The Duke case was differentiated on a number of grounds, and discussing the differences this court said:

"There, the exceptions run along with the enacting clause, as understood by the Supreme Court; here, the features of the statute involved are not exceptions proper, nor so connected as to be inseparable from the provisions. So that the case cited and relied on for reversal seems to us to tend the other way; and by it, on the reasoning given, these provisos cannot be held to be embraced within the enacting clause, as that phrase is employed in the books, so as to render it necessary on that account to negative by averment the subjects thereof."

Many other matters are set out in the opinion in the Blasdell case, supra, as reasons for the holding, and it is said, among other things:

"But when the exception or provisions is in a subsequent substantive clause, the case provided for in the enactment or general clause may be fully stated without negativing the sub-

sequent exception or proviso. A prima facie case is stated, and it is for the party for whom matter of excuse is furnished by the statute * * * to bring it forward in his defense."

And the court held it not necessary for the indictment to negative the proviso, they not necessarily being within the enacting clause. The Mosely case, 18 Texas Crim. App., 312, approves the Blasdell case, supra, and says:

"Where the words of the statute defining the offense are so entirely separable from the exception that all the ingredients constituting the offense may be clearly and accurately alleged without any reference to the exception, then it is not necessary that the exception should be negatived."

And the court further said: "An indictment must show a prima facie case against the defendant, and it need not do more."

Subsequent to the rendition of the opinion in the Duke case, supra, the statute against pistol carrying was changed in the revision of 1879, and those things deemed exceptions were put in a separate article, since which time it has been uniformly held not necessary to negative the exceptions referred to in the Duke case, supra. This court seems to have held in many cases that where the exceptions to a penal statute are in distinct articles or sections from the one defining the offense, or are not a necessary part of the definition of the offense, nor descriptive of it, and the exception is not the gist of the offense,—it is not necessary to negative such exception. In Sec. 510 of his Annotated P. C., Mr. Branch cites many cases so holding, among which will be found Williams v. State, 37 Texas Crim. Rep., 238; Newman v. State, 58 Texas Crim. Rep., 223; Milling v. State, 150 S. W. Rep., 34, and Lowery v. State, 185 S. W. Rep., 7.

When what is known as the original Dean Law was passed in 1919, prohibiting the sale of intoxicating liquor in this State, its language was as follows:

"It shall be unlawful for any person to sell, etc., spirituous, vinous or malt liquors * * * except for medicinal, mechanical, scientific or sacramental purposes."

While in this condition of the law we held uniformly that indictments for such violations should negative the exceptions. By an amendment, effective in November, 1921, the exceptions mentioned above were removed from Secs. 1, 2 and 3 of the original act, and said exceptions were by the terms of Chap. 61, page 233 of the General Laws of the First Called Session

of the 37th Legislature, put in a separate section, and this court thereafter, and beginning with Crowley v. State, 92 Texas Crim. Rep., 103, and followed consistently,—held that it was not necessary to negative the exceptions referred to.

We referred above to the fact that the situation here was different from any that had ever been before this court in the consideration of a similar question. We have here in the enactment of what is commonly called the Texas Liquor Control Act, a statute in Sec. 4b, Art. 1, of which is set out the description of the offense charged against this appellant. In the latter part of the section appear the provisos referred to above, namely, that the provisions of this section shall not apply to the holders of industrial or medicinal permits. We also have in the same act and as part of the same article, Sec. 9, which reads as follows:

"It shall not be necessary for any information, complaint or indictment to negative any exception contained in this Act concerning any prohibited Act; provided, however, that any such exception made herein may be urged as a defense by any person charged by such complaint, information or indictment."

It is the duty of this court to give effect to and uphold acts of the Legislature, unless same be clearly unconstitutional and ineffective.

From what we have said above, and as far as we have been able to ascertain, our courts have uniformly held that when the Legislature sees fit to create exceptions to the general penal provisions of a statute,—if such exceptions be placed in a separate section or article from the one containing the definition of the offense, or if they be not such as to be essential to the definition of the offense, it will not be necessary to negative such exceptions in the indictment charging such offense. This rule seems uniformly adhered to even though the exceptions referred to had, in some former enactment, been written into the enacting clause of the offense in such way as to cause this court to hold it necessary for same to be negatived in the indictment charging such offense.

We feel impelled to say that if there be possibly an exception to the rule above mentioned, it must be when the exception or omission,—as in the Hewitt case, supra,—is of the very gist of the offense, and then same would have to be negatived in the indictment, no matter where its location in the statute, and the Legislature in such latter case would be powerless to enact a statute making it unnecessary to negative such an ex-

ception, and this, as stated, whether such exception be in the article defining the offense or be in a separate article. In other words, if the thing forbidden by the particular statute under consideration could not be proved, or the case could not be made out without proof of the so-called exception or omission,—then said exception would be a necessary element of the offense, and its existence should be negatived in the indictment and find support in proof.

If, however, the exception be of such form and character as that a prima facie case could be made out against the accused for the violation charged, without proof of the omission or exception, then clearly the Legislature might by enactment have placed such exception in a separate article or section and there is no need for their negation.

The attempted exercise by the Legislature of power to direct the form of an indictment as in the Hewitt case, supra, was properly held ultra vires, because same tried to legalize withholding from an indictment its very life blood and the thing whose presence in the indictment gave it vitality. Under the statute creating the offense for which this accused is indicted and convicted, after properly alleging the dryness of the area involved, the averment of the sale by appellant in same of whisky made out a prima facie case, no necessary element of which was left out. If the indictment was good without negativing the exceptions, the provisions of Sec. 9 of Art. 1, of the Act, that there was no need to negative the exceptions added nothing in aid of the indictment, and likewise could in no way obviate a necessary negation as in Anderson v. State, supra, and Hewitt v. State, supra.

The State's motion for rehearing is granted, the judgment of reversal is set aside, the original opinion is withdrawn and the above substituted therefor, and the judgment of the trial court is now affirmed.

*Affirmed.*