COY JARVIS V. THE STATE.

No. 18910. Delivered October 13, 1937.
Rehearing Denied December 15, 1937.

The opinion states the case.

*Sam J. Hamilton,* of Memphis, and *Mahan & Broughton,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for violating the Texas Liquor Control Act; punishment, a fine of $500.00 and six months confinement in the county jail.

The questions raised upon this appeal are the refusal of the court to quash the indictment because of the failure to negative certain exceptions claimed to be in the statute; and because of the refusal of the court to submit the question as to whether the inspectors, who bought the liquor alleged to have been sold in violation of law, were accomplices. These questions have been disposed of adversely to appellant in the case of Baker v. State, 106 S. W. (2d) 308, and other cases, and in the case of Stevens v. State, No. 18823, opinion this day handed down (page 333 of this volume).

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—In his motion for rehearing appellant insists that we were in error in holding that the inspectors of the Liquor Control Board were not accomplice witnesses. In support of the conclusion announced in the original opinion herein we cited Stevens v. State, Opinion No. 18,823, delivered October 13, 1937. On the 8th of December, 1937, the motion for rehearing in Stevens' Case was overruled (page 333 of this volume).

Appellant's motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.