## HENRY FREY v. THE STATE.

No. 23563. Delivered January 29, 1947.
Rehearing Denied March 26, 1947.

202

*Percy Foreman*, of Houston, for appellant.

*A. C. Winborn*, Criminal District Attorney, and *E. B. Duggan* and *E. T. Branch*, Assistant Criminal District Attorneys, all of Houston, and *Ernest S. Goens*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a conviction for practicing denistry without a license; the punishment, a fine of $100.00.

By Article 747, P. C., it is made unlawful to practice dentistry in this State without a license. By Article 754a, P. C., specific provision is made for determining what constitutes the practice of dentistry. Section 3 of that article reads as follows:

"Any person, firm, association, or corporation who professes, advertises, sells, offers, or undertakes to construct, produce, reproduce, make, repair, fit, adjust, substitute, or deliver to or accepts from the general public, any model or impression of the human mouth, teeth, alveolar process, gums or jaws, or any prosthetic or orthodontia appliance, denture, or structure."

The count in the information upon which this conviction was predicated was drawn under the section mentioned, and charged—in effect—that appellant practiced denistry because he caused to be published in the Houston Post, a newspaper of large circulation in the City of Houston, an advertisement wherein he did (a) "advertise and offer to repair and adjust dentures commonly known as false teeth and also commonly called a plate;" and (b) did "also advertise and offer and profess that he constructed new plates of false teeth for the human mouth * * *." There was no specific allegation in the information that the advertisement was addressed to or intended for the general public, nor was the advertisement set forth in the information.

The sufficiency of the information is challenged for failing to specfically charge that the newspaper advertisement was addressed to the general public. It is appellant's contention that, under Section 3 of Article 754a, P. C., for one to practice dentistry by reason of advertising in a newspaper such advertisement must be addressed to the general public, and the information, in order to charge a violation of that statute, must so allege.

In determining this question, Section 3 of Article 754a, P. C. and Article 753, P. C. must be construed together. Said Section 3 of Article 754a, P. C. uses and contains the words, "general public." Do such words become an essential element necessary to constitute the practice of dentistry by advertising to do certain things? Appellant's position is apparently sustained by the use of the words, "general public" in said Section 3 of Article 754a, P. C.

Do other provisions of the Dental Act enter into a determination of the question?

We look to Article 753, P. C., which provides certain classes are excepted and exempted from the Dental Act, among which are those "persons doing laboratory work on inert matter only, and who do not solicit or obtain by any means, work from a person or persons not a licensed dentist actually engaged in the practice of dentistry; and, who do not act as the agents or solicitors or have any interest whatsoever, in, any dental office, practice, or the receipts therefrom."

The practical and working effect of the exception quoted is that one who is in no manner connected with a dental office, the practice of dentistry, or the receipts therefrom, may, without engaging in the practice of dentistry, solicit, by advertising, laboratory work on inert matter only from licensed practitioners of dentistry. Conversely, under Section 3, Article 754a, P. C., such a person soliciting by advertising the same work from the general public would be engaged in the practice of dentistry.

Construing Section 3 of Article 754, P. C. and Article 753, P. C. together, it is apparent that where one is charged with practicing dentistry by advertising in a newspaper to do the things here alleged, such advertisement must be addressed to and intended for the general public. It follows, then, that the information is defective in failing to so allege, and appellant's exception thereto should have been sustained.

It is also contended that Section 3 of Article 754a, P. C. and the exceptions contained in Article 753, P. C., when considered together, constitute class legislation violative of the equal protection clauses of our State and Federal Constitutions. Inasmuch as this case is to be reversed for the reasons assigned, we pretermit any discussion of that question at this time.

For the reasons assigned, the judgment of conviction is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

GRAVES, Judge.

The State has filed a motion herein alleging that we were in error in our original opinion wherein we held that it was necessary that the complaint and information should have contained an allegation that appellant's advertisement was addressed to the general public. We think that the above-quoted Section 3 of Article 754a, P. C., contemplates, as well as declares, that one who advertises to the general public to do certain things therein set forth is regarded as practising dentistry, and if he does such things, he may be punished therefor, as is shown in Art. 754, P. C. The punitive article does not set forth the unlawful acts, but merely says in substance that "any person who violates any provision of this chapter shall be fined," etc. The provision of this chapter under which this prosecution is based requires that the person thus regarded as practising dentistry shall advertise to deliver to the general public certain services upon his part. We do not regard the allegation relative to the general public as an exception to the rule, but as an integral part of the denounced offense. We think this position is authorized by the opinion in the case of Baker v. State, 106 S. W. (2d) 308, from which we quote as follows:

"From what we have said above, and as far as we have been able to ascertain, our courts have uniformly held that when the Legislature sees fit to create exceptions to the general penal provisions of a statute, if such exceptions be placed in a separate section or article from the one containing the definition of the offense, or if they be not such as to be essential to the definition of the offense, it will not be necessary to negative such exceptions in the indictment charging such offense. This rule seems uniformly adhered to even though the exceptions referred to had, in some former enactment, been written into the enacting clause of the offense in such way as to cause this court to hold it necessary for same to be negatived in the indictment charging such offense.

"We feel impelled to say that if there be possibly an exception to the rule above mentioned, it must be when the exception or omission, as in the Hewitt case (25 Tex. 722), is of the very gist of the offense, and then same would have to be negatived in

the indictment, no matter where its location in the statute, and the Legislature in such latter case would be powerless to enact a statute making it unnecessary to negative such an exception, and this, as stated, whether such exception be in the article defining the offense or be in a separate article. In other words, if the thing forbidden by the particular statute under consideration could not be proved, or the case could not be made out without proof of the so-called exception or omission, then said exception would be a necessary element of the offense, and its existence should be negatived in the indictment and find support in proof."

See also Howland v. State, 151 S. W. (2d) 601, and cases there cited.

We feel that our original opinion correctly states the law herein, and therefore overrule the State's motion for a rehearing.

HAWKINS, Presiding Judge, absent.