## J. M. ALEXANDER V. STATE.

No. 24121. November 3, 1948.

Hon. Wiley Caffey, Judge Presiding.

*Brooks, Duke & Templeton,* of Abilene, for appellant.

*Ernest S. Goens,* Stae's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The ordinance of the City of Abilene upon which this prosecution was based reads as follows:

"Art. 5, Sec. 1, STOPPING, STANDING AND PARKING.

"No person shall stop, stand or park a vehicle, except when necessary to avoid conflict with other traffic, or in compliance with the direction of a police officer or traffic control device, in any of the following places:

"(k) Upon any street, roadway or highway or at any place thereon at any time when signs are painted on the curb or erected, showing a loading zone, except it be for the purpose of loading or unloading as herein provided."

Art. 10, Sec. 5, reads:

"All alleys in the City of Abilene are hereby recognized as

loading zones and all other loading zones hereafter designated by ordinance, order, or resolution of the City Commission of the City of Abilene and so marked as such at this time are recognized as loading zones and it shall be unlawful for any person to park any vehicle in any such loading zone or alley, except for the purpose of loading or unloading and while so loading or unloading."

Art. 11, Sec. 1, reads:

"Any person arrested for violating any of the provisions of this ordinance, or any other traffic ordinance of the City of Abilene, shall be given a notice by the arresting officer to appear before the Corporation Court of the City of Abilene within 72 hours after such arrest, and it shall be unlawful and an offense for any person to disobey such notice."

The penalty for violating any of the provisions of the ordinance was by a fine not exceeding $200.00.

Appellant was charged in the Corporation Court of the City of Abilene with a violation of the ordinance mentioned, by complaint, which, omitting the formal parts, reads as follows:

## "FIRST COUNT

"That one J. M. Alexander on or about the 23 day of Oct., A. D. 1947 and before the making and filing of this complaint within the Territorial Limits of the City of Abilene, County of Taylor and State of Texas, did then and there unlawfully Park vehicle in Loading Zone against the ordinance of said City in such cases made and provided and against the peace and dignity of the State;

## "SECOND COUNT

"That on or about said day the said J. M. Alexander within the territorial limits of said City, did then and there unlawfully violate the provisions of the traffic ordinances of said City as aforesaid and was then and there given notice by a peace officer to appear before the Corporation Court of the City of Abilene within seventy-two (72) hours after such arrest, and he, the said J. M. Alexander disobeyed said notice by failing to appear before said court within seventy-two 72 hours after he was given notice to appear; against the ordinance of said City in such cases made and provided, and against the peace and dignity of the State."

Upon a trial in the Corporation Court appellant was convicted upon each count. Upon appeal from that conviction to the County Court of Taylor County he was again convicted upon each count and his punishment assessed at a fine of $175.00 under each count.

From this conviction, notice of appeal was given to this court. The amount of the fine assessed being in excess of $100.00, the appeal is authorized.

The sufficiency of each count of the complaint was challenged by a motion to quash.

We look, first, to the first count of the complaint.

In determining this question it is well to look at the ordinance with a view of determining the offense denounced thereby. By the ordinance, it is unlawful to park a vehicle in a loading zone. A loading zone is (a) any and all alleys of the city, (b) any place upon a street, roadway, or highway where signs are erected or pained on the curb, showing a loading zone, and (c) any place designated by the ordinance, order, or resolution of the City Commission as a loading zone. The ordinance, as well as the offense created thereby, does not apply, and there is exempted therefrom, parking in a loading zone (a) when necessary to avoid conflict with other traffic, (b) in compliance with the direction of a police or traffic control device, and (c) for the purpose of loading or unloading or while so loading or unloading.

It will be noted that the exceptions mentioned are a part of the definition of the offense denounced therein. The ordinance makes unlawful only the acts not exempted therein. We do not have here an ordinance making unlawful the parking in all loading zones of the city and then, separate and distinct therefrom, excepting as not unlawful the parking in a loading zone under certain conditions.

It has long been the holding of this court that where exceptions in a statute become a part of the offense such exceptions should be negatived in charging a violation of the statute. Baker v. State, 132 Tex. Cr. R. 527, 106 S. W. (2d) 308; Howland v. State, 142 Tex. Cr. R. 37, 151 S. W. (2d) 601; Frey v. State, 200 S. W. (2d) 194.

It appears that the allegations of the first count in the instant complaint do not meet the requirements of the rule stated.

As to the second count, it will be noted there is no allegation that the officer did, in fact, arrest the appellant for a traffic violation. The ordinance makes it unlawful only after an arrest for one to disobey a notice to appear. It is apparent, therefore, that the arrest is an essential element of the offense denounced by the ordinance and that without such arrest there is no offense. The second count does use the words "after such arrest" but there is no anterior allegation to which this might refer that appellant was, in fact, arrested by the officer. Without an allegation showing that the appellant was first arrested, a violation of the ordinance is not charged.

Appellant attacks the validity of the ordinance under which the second count was drawn. This question is not reached, or decided.

The complaint being defective in the particulars pointed out, the judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the Court.