## G. E. BROWNING V. STATE

No. 26,969. May 19, 1954
Rehearing Denied June 23, 1954

Second Motion for Rehearing Denied October 20, 1954

Petition for Writ of Certiorari Denied by Supreme Court
of the United States March 28, 1955

*M. Gabriel Nahas, Jr.,* and *James Royall,* both of Houston, for appellant.

*Ewing Werlein,* District Attorney, *King C. Haynie,* Assistant District Attorney, Houston, and *Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for the unlawful delivery of barbiturates upon each of three separate offenses alleged in the complaint and information, and his punishment was assessed on each count at sixty days in jail and a fine of $1,000.

Appellant contends that the court erred in overruling his motion to quash the complaint and information upon the ground that they do not negative any of the exceptions set out in other portions of the statute whereby a legal delivery of barbiturates may be made.

Art. 726c, Vernon's Ann. P.C., upon which this case is based, provides in Sec. 12 thereof as follows:

"Sec. 12. In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provisions of this Act, it shall not be necessary to negative any exception, excuse, proviso, or exemption contained in this Act, and the burden of proof of any such exception, excuse, proviso, or exemption shall be upon the defendant."

In view of this provision in said statute, there was no necessity for negativing the exceptions.

The testimony of M. A. Billnitzer, a detective for the city of Houston, shows that he visited appellant in Houston on three different dates and each time told appellant that he needed something to make him sleep; that the appellant delivered to him on the first occasion 24 capsules, on the second occasion 26 capsules, and on the third occasion 24 capsules; that he (Billnitzer) delivered the capsules received on these visits in separate packages to Floyd E. McDonald, chemist for the city of Houston Police Department.

Floyd E. McDonald, chemist, identified the capsules delivered to him by M. A. Billnitzer and testified that they contained a derivative of barbituric acid known as sodium pento-barbiturate.

There is no testimony in the record showing that the appellant is "a person licensed * * * to prescribe and administer barbiturates."

We find the evidence sufficient to sustain the conviction.

The judgment is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING

GRAVES, Presiding Judge.

Appellant's motion for rehearing herein still complains of the proposition that the information does not negative the fact that appellant was one of the persons who came under the "unless" clause in Section 3, Paragraph (1) of the original statute passed by the 52nd Legislature, Regular Session, as found on page 759 of the Acts thereof. He still contends that the state's pleading should have negatived the fact that the appellant was, among other things, a pharmacist operating upon an original prescription, and the many further exceptions that are found therein.

We think the answer to such contention will be found in Section 12 of the original enactment, which is also found in Article 726c, Vernon's Ann. P.C., said Section 12 being quoted in the original opinion herein. We also think the same is in answer to the appellant's contention in this motion.

Thus believing, the motion for rehearing will be overruled.

### ON SECOND MOTION FOR REHEARING

WOODLEY, Judge.

It is again insisted that under the rule stated and applied in Anderson v. State, 132 Texas Cr. Rep. 37, 105 S.W. 2d 258; Baker v. State, 132 Texas Cr. Rep. 527, 106 S.W. 2d 308; Rice v. State, 37 Texas Cr. Rep. 36, 38 S.W. 801; and U.S. v. Cook, 21 L. Ed. 538, the information is fatally defective in failing to negative that the barbiturate was a compound, mixture or preparation such as declared to be without the act in Sec. 4 thereof; and in failing to negative the premise that barbiturate may have been delivered by a pharmacist or practitioner under the conditions and in the manner permitted by Sec. 3a -1 and 2 of the statute.

If the exceptions and provisos are themselves descriptive of the unlawful act and if, in order to show the unlawful act, the state was under the necessity of proving that the act relied upon did not come within the exceptions or provisions then appellant's contention must be sustained.

The authorities mentioned support the contention that the legislature is without authority to relieve the state from negativing an exception which is a necessary element of the offense, without proof of which the things forbidden by the statute in question could not be proved or the case made out.

In considering the problem before us we note that the legislature has declared not only that it shall be unnecessary to negative the exemptions, exceptions, provisos and excuses contained in the act, but has placed the burden of proof thereof on the defendant charged with delivery of a barbiturate.

This section of the act makes it clear that the delivery of a barbiturate is sufficient to show a prima facie violation of the statute, and that the burden then rests on the defendant to show (1) that the barbiturate is excepted under Sec. 4; or (2) that the defendant was a person authorized by law to deliver barbiturates under Sec. 3a -1 or 2; or (3) that the delivery was to a person to whom a barbiturate might be lawfully delivered under the exceptions found in Sec. 5 of the act.

We hold that Art. 726(c) V.A.P.C. makes the delivery of a barbiturate prima facie an offense; provides a method by which barbiturates may be delivered by those qualified and authorized to do so, and provides a means whereby compounds, mixtures and preparations for external use only may be lawfully delivered, but places upon the defendant the burden of showing facts by reason of which the delivery of the barbiturate is excepted, excused or exempted under the statute.

We cannot agree that the legislature was without authority to so provide, and remain convinced that the state was not required to negative the said exceptions, provisos and exemptions in their pleadings.

Appellant's second motion for rehearing is overruled.