## W. H. McKnight v. State

No. 28,559. November 21, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) January 16, 1957.

*Al Clyde,* Fort Worth, and *Jones, Phillips & Watkins,* Dallas, for appellant.

*Howard M. Fender,* Criminal District Attorney, *Albert F. Fick, Jr., Hugh F. King,* and *Conard Florence,* Assistants Criminal District Attorney, Fort Worth, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted, under the first and second counts of the information, of two separate offenses of practicing dentistry without a license, with a prior conviction of an offense of like character alleged to enhance the punishment under the first count; and, under the jury's verdict fixing his punishment at a fine of $375.00 in each count, was assessed punishment at a fine in the total amount of $750.00.

It was alleged in the first count that on or about the 2st day of June, 1955, the appellant did "* * * undertake to make and did make and did cause to be made an impression of the lower gums, * * * of Mrs. Earl Boyd, for the purpose of constructing a lower removable plate of false teeth for the said Mrs. Earl Boyd, * * *."

The second count charged the same offense in the same language except it was alleged that the offense was committed on or about the 5th day of May, 1955, and that the impression was made of the upper and lower gums of Mrs. Frances Scoma.

Each count contained an allegation that the acts were committed by the appellant without his first having obtained a license to do so from the Texas Board of Dental Examiners.

The evidence is undisputed that on or about the respective dates alleged in the information the two prosecuting witnesses went to the appellant, at his office in the city of Fort Worth, and, at such time and place, an impression was made of their gums for the purpose of constructing a plate of false teeth and for which appellant was paid therefor.

Mrs. Boyd testified that on such occasions the appellant made the impression of her gums by placing a metal plate in her mouth which had a pliable substance thereon. Mrs. Scoma also testified that the appellant made the impression of her gums.

Proof was made, and appellant admitted, that he did not have a license to practice dentistry and also that he had been previously finally convicted of the offense of practicing dentistry without a license, as alleged in the information. See McKnight v. State, 161 Texas Cr. Rep. 472, 278 S.W. 2d 150.

As a witness in his own behalf, appellant denied that, on the occasion of the witnesses' visits to his office, he placed anything in their mouths or took an impression of their gums. He testified that he only prepared and furnished them with a tray and instructed them how to take the impressions, and that the witnesses took the impressions themselves by placing the tray in their mouths, under his directions. He testified that it was only in such manner that he caused the impressions to be made.

We find the evidence sufficient to support the conviction and shall discuss appellant's complaints to the court's charge.

The court, in his charge, instructed the jury, pursuant to the provisions of Articles 747 and 754a(3), V.A.P.C., that "any person who shall offer or undertake in any manner to prescribe, *make or cause to be made* any impression of any portion of the human mouth, teeth, gums * * * for the purpose of * * * without first having obtained a license * * * shall be guilty of a misdemeanor * * *;" and required the jury to find that the appellant did "make or cause to be made" an impression of the gums of the prosecuting witnesses before finding him guilty.

Appellant contends that the charge is erroneous because it

fails to define the term "cause to be made," and insists that, in the absence of a proper definition of the term, the jury was required to find him guilty even though he had nothing to do with the making of the impressions, if they believed they were made so that he could use them for making false teeth.

Under the evidence before the jury, we find no reversible error in the failure of the court to define the term.

The testimony of the two prosecuting witnesses was, in substance, that the appellant made the impressions of their gums. Appellant, in his testimony, admitted that the impressions were made in his presence and under his direction, with a tray furnished by him, but testified that he did not put anything in the witnesses' mouths, and that, for such reason, the impressions were not made by him but were made by the two witnesses.

In McKnight v. State, supra, wherein appellant was prosecuted under the same provision of the Dental Practice Act (Art. 754a(3)), supra, which includes within the definition of practicing dentistry the term "make or cause to be made," we overruled a similar contention by the appellant that he was not violating the act because of his explanation in describing his conduct that "I prepared the tray and he (the patient) put it in his own mouth."

The failure of the court to define the term "cause to be made" could not have injured the appellant in view of the testimony of both the state and the appellant showing the making of the impressions in such a manner as to constitute a violation of the Dental Practice Act.

Appellant insists that the court erred in failing to instruct the jury to acquit him if the making of the impression of human gums in the case was a voluntary act of the witness Mrs. Earl Boyd or the witness Mrs. Frances Scoma. Under the evidence and the holding in McKnight v. State, supra, the acts of the two prosecuting witnesses, although voluntary, did not constitute a defense to the charge against appellant; hence no error is shown in the failure of the court to so instruct the jury.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.